## WILDE & Co. vs. HART.

Where the plaintiff declines to reply to pleas in bar, or to proceed any further in the case, the suit may be dismissed.

A motion for a continuance is addressed to the sound discretion of the court; and this court will not attempt to control that discretion unless it has been grossly abused.

Where the plaintiff moves for a continuance, after pleas in bar have been filed, and his motion is overruled, if he wishes to take the opinion of this court upon that point, he should take issue to the pleas, go to trial, and appeal on the final decision.

Where he declines to take issue to such pleas, and the cause is dismissed, the judgment, if not rendered at his instance, is superinduced by his acts, and no appeal will lie.

*Appeal from Pulaski Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

P. JORDAN, for appellants, who argued this case at the December term, 1862, contended that the court was bound by the ordinances of the convention to continue this cause.

WATKINS & ROSE for appellee.

In the court below, the defendant Hart, filed pleas of *nil debet*,

payment and alien enemy, and also exceptions to the affidavit on which the attachment issued—the same being fatally defective according to *Hillman & Co. vs. Fowler & Co.*, decided at the present term.

If the plea of alien enemy was bad, the application of the plaintiff for continuance, based on the ordinance of the convention was equally insufficient. That ordinance was a war measure, and there was no power in the convention to pass it.

The plaintiff refusing to reply or take issue to any of the pleas of defendant, the court below had no alternative but to enter judgment of dismissal, and the most favorable aspect of the case for plaintiffs below, is that they elected to take a voluntary nonsuit, to which error will not lie. A case cannot be brought to this court by piecemeal. See *Yell Governor vs. Outlaw et al.*, 14 *Ark.*, 621, citing *Woodruff vs. The State*, 2 *Eng.*, 333. All the pleas should have been disposed of. *Mandel vs. Peet Sims & Co.*, 18 *Ark.*, 248, and cases cited.

Mr. Chief Justice WALKER delivered the opinion of the court.

This was an action of debt brought by the plaintiffs in the Pulaski circuit court by attachment; goods were attached, and third parties garnisheed.

The defendant appeared and filed pleas of *nil debet* and *payment*, and, at a subsequent term, his plea of *alien enemy*; whereupon the plaintiffs moved the court to continue the case, because they (the plaintiffs) were alien enemies, which motion the court overruled. The plaintiffs excepted to the opinion of the court, and the record entry then says " that the plaintiffs declined to reply to the defendant's pleas, or to proceed any further in the case, on consideration whereof and on motion of the defendant, it is considered, ordered and adjudged by the court here, that said suit be, and the same is hereby dismissed, and that defendant go hence and recover his costs" etc.

From this judgment the plaintiffs appealed.

Upon a careful examination of the record, we find that the

only questions remaining open for consideration are, the correctness of the decision of the court in overruling the plaintiffs' motion to continue the case, and the final judgment rendered thereafter.

A motion for a continuance is addressed to the sound discretion of the court, and unless in cases where that discretion is grossly abused, this court will not attempt to control such discretion. *Hunter vs. Gaines et al.*, 18 *Ark.*, 92. Whatever consideration might, at the time the plea of alien enemy was interposed, have been given to it, under the assumption that the Confederate States was an independent and foreign government to the United States, there can be no question, at this time, but that the defence was wholly worthless, and the assumed right to continue the case wholly insufficient. The circuit court, therefore, did not err in refusing to grant a continuance of the cause.

The defendant, by peremptorily refusing to take issue upon the pleas of *nil debet* and payment, left those pleas confessed. The circuit court might well, under the state of case presented, have rendered judgment *nil dicit* for the defendant, or if the plaintiffs had desired to take the opinion of this court, upon the decision of the circuit court in refusing to continue the cause upon their motion, they should have taken issue upon the pleas, and proceeded to trial, and upon the final decision of the case have appealed. That the milder judgment was rendered dismissing the suit, is a matter of which the plaintiffs cannot complain. It was, in effect, such judgment as is provided for under the 79*th section*, *Gould's Dig., p.* 857: " That if the plaintiff shall fail to file his replication within the time prescribed, judgment of *non pros.* shall be rendered against him."

Under this view of the case, the court below did not err in refusing to continue the cause, and on the refusal of the plaintiffs to respond to the defendant's pleas, in rendering judgment dismissing the suit.

The plaintiff, by refusing to respond to the defendant's pleas, in effect abandoned the prosecution of his suit, and forced upon the

court the necessity of rendering such judgment against him, and then appealed from the judgment, which, if not rendered at his instance, was superinduced by his acts. When such is the case, no appeal lies from the judgment, as held by this court in the case of *Yell, Gov. vs. Outlaw*, 14 *Ark. R.*, 624.

Let the appeal be dismissed.

Mr. Justice CLENDENIN did not sit in this case.