KAHN *v.* LUCCHESI.

Opinion delivered June 11, 1898.

APPEAL—OBJECTION TO EVIDENCE.—A specific objection to evidence waives all other objections not specified. (Page 373.)

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge

*Morris M. Cohn*, for appellant.

(1) Where one is sought to be held liable for the tort or negligence of another, by virtue of a guaranty against such tort or negligence, this promise or guaranty must be in writing and signed by the party to be charged. Sand. & H. Dig., § 3469, second clause; Browne, Stat. of Frauds, § 155 and cases, 2 Day, (Conn.) 457; 63 N. C. 198; 33 Kas. 580; 12 Ark. 194; 21 Atl. 601; 45 Ill. App. 155; 49 Ill. App. 509; 41 N. E. 164; 50 Ind. 130; 60 Conn. 71; *ib.* 468; 31 N. E. 539. Hence testimony of a verbal agreement of this character was inadmissable. Appellant was entitled to an instruction on this phase of the case. 52 Ark. 45–47.

(2) This testimony was improper, for the further reason that the theory of joint negligence and joint liability for negligence, which formed the basis of the complaint, is inconsistent with the theory of a guaranty. 88 Mich. 103; 26 Pac. 735, 738.

*Whipple & Whipple* and *James Coates*, for appellee

Original undertakings are not within the statute of frauds. 12 Ark. 174. Nor are cases where the promise to pay the debt of another is found on a new consideration (81 Va. 777), or where the leading object was the benefit of the promisor. 45

O. St. 239. The statute applies only to promises made to the person to whom another is answerable. 11 Ad. & Ex. 446; 1 Addison, Cont. 310. The debt or liability guarantied must be exclusively that of another, to fall within the statute. 22 L. J. (N. S.) Exch. 97; 1 Addison, Cont. 309. He who directs an act to which a tort is incidental is liable for the tort. Wharton, Neg. § 186; *ib.* 185, 178; 16 Wall. 566; 51 Am. Dec. 205, note; 95 Wis. 573; 4 Ohio N. P. 229; 70 Ill. App. 93; 135 Mo. 558; 53 Ark. 503.

BUNN, C. J. This is a suit by Cæsar Lucchesi against Herman Kahn, W. D. Holtzman, and the estate of Dennis Mc-Gann, for damages in so excavating for and erecting a division wall, and the temporary structures necessary for the work, as to cause the same to fall and injure plaintiff's goods. Damages laid at $2,000. In the progress of the trial the cause was dismissed as against Ellen McGann, administratrix of the estate of Dennis McGann, and progressed alone as against Herman Kahn and W. D. Holtzman. Verdict for one hundred and fifty dollars for plaintiff, and Kahn alone appealed to this court.

The complaint in this case is for an injury to plaintiff's property occasioned by the negligence of the defendants,—a tort pure and simple—while in the progress of the trial evidence was adduced tending to show that Kahn was responsible for the damages to the plaintiff by his special contract with the plaintiff to the effect that he would guaranty him against all damage done by him by the erection of the division wall, with the aid of the temporary support suggested and caused to be erected by him.

The evidence in support of the tort was conflicting, that is, there was evidence going to show that Holtzman did this work as an independent contractor, which, if found to be true, it is contended by defendants, would relieve Kahn of a joint liability. On the other hand, there is evidence from which it might well have been inferred by the jury that, not only was this particular work not included in the general contract to erect the building, but that Holtzman, in performing it, was acting under the immediate and special direction of Kahn. In

other words, the inference may have been that they were so related as that both were liable.

The evidence being thus conflicting, the new element was injected into the case by the introduction of testimony going to show that Kahn had guarantied plaintiff against all loss if he would consent to the erection of a temporary wooden partition wall, to serve until a permanent partition wall could be erected; and that, having got his consent, defendants put up the wooden structure, and were building the permanent partition wall, but did it so carelessly that it collapsed and fell before completion, and broke down the wooden partition, and injured plaintiff's goods. Defendants objected to the admission of the testimony as to this guaranty, but not for the reason that it was irrelevant, not being responsive to the issues made by the pleadings, but because by it plaintiff sought to make Kahn liable on a parol contract to answer the debt or failure of another. The particular objection was overruled, as it should have been, because the guaranty of Kahn, if anything, was an original undertaking of his own. But the making of the objection specified had the effect of waiving all other objections, and hence there was no error in not rejecting the evidence on other grounds not specified in the objection made.

The judgment is therefore affirmed.