LITTLE ROCK TRACTION & ELECTRIC COMPANY *v.* HICKS.

Opinion delivered June 4, 1906.

1. STREET RAILWAY—ASSIGNEE'S LIABILITY FOR TORTS.—An action against a street railway company was brought in a magistrate's court to recover damages for a tort not exceeding one hundred dollars, and after appeal to the circuit court plaintiff amended his complaint so as to make another company a defendant which had purchased the first company's property and assumed its liabilities. *Held* that the second company was not liable in an action *ex delicto* for the first company's tort, and that the circuit court had no jurisdiction *ex contractu,* the amount involved being less than one hundred dollars, the minimum limit of its jurisdiction. (Page 251.)

2. EVIDENCE—OPINION OF NON-EXPERT.—Where it was claimed that plaintiff's cow was killed by defendant's negligence in running its car at an excessive rate of speed, it was not error to permit a non-expert witness to testify that, judging from the ordinary speed of cars, being 6 to 8 miles per hour, the car in this case was running at a speed of about 20 miles an hour. (Page 252.)

3. NEGLIGENCE—PERMITTING ANIMAL TO RUN AT LARGE.—The fact that the owner of a cow permitted her to run at large outside the stock limits of a city did not constitute contributory negligence. (Page 252.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; reversed in part.

*Rose, Hemingway, Cantrell & Loughborough,* for appellants.

1. As to the railway company, the suit was *ex contractu*. The amount involved was less than $100. The circuit court was without jurisdiction as to it. Sec. 40, art. 7, Const. This court will consider the question of jurisdiction, though not raised below. 45 Ark. 346; 45 Ark. 450; 48 Ark. 301. The court erred in permitting it to be brought in by amendment. 44 Ark. 375.

2. The evidence is not sufficient to sustain the verdict. The statute, Kirby's Digest, § 6773, does not apply to street railways. There is no presumption of negligence against them. 72 Ark. 572. The verdict was based upon inferences and presumptions which did not naturally flow from such facts as were proved. 34 Ark. 632.

3. The court erred in admitting improper and prejudicial evidence of Trustin Hicks who had not qualified to testify as an expert. The ordinary rate of speed of other cars had no connection with the speed of the car that struck the cow. 58 Ark. 454; 157 Ill. 612; 63 App. Div. (N. Y.), 423; 36 Ore. 315; 6 Wash. 75.

4. The court's first instruction given at request of plaintiff was erroneous, in that it withdrew from the jury plaintiff's contributory negligence in allowing the cow to run at large. 62 Ark. 167; 64 Ark. 421; 65 Ark. 435; 77 Ark. 398.

*W. C. Adamson,* for appellee.

1. There was evidence legally sufficient to support the verdict. It will not be disturbed. 51 Ark. 467; 57 Ark. 577.

2. It is not required that one be an expert in order to give his opinion as to how fast a car is traveling. 62 Ark. 254; 12 Am. & Eng. Enc. Law (2 Ed.), 473. Even if it was error to admit the testimony, it was merely cumulative evidence, and the judgment will not be reversed. 20 Ark. 216; 56 Ark. 37. Nor will it be reversed, if the fact toward which the incompetent evidence was directed was otherwise proved by competent evidence. 58 Ark. 125.

3. There was no error in the first instruction. It is in evidence that plaintiff lived outside the stock limits, and the injury occurred without the limits. Moreover, it is not shown that

the cow was at large through negligence of plaintiff, but on the contrary it was the custom to keep her up.

4.   If on the whole case the verdict was right, the judgment will not be reversed.   44 Ark. 556; 43 Ark. 296; 46 Ark. 542.

BATTLE, J.   Mrs. H. L. Hicks brought an action before a justice of the peace of Pulaski County against the Little Rock Traction & Electric Company, a street railway company, for damages caused by it negligently injuring a cow belonging to her.   The amount sued for was $75.   In a trial before the justice of the peace the defendant recovered judgment.   Plaintiff then appealed to the circuit court, and on the first of October, 1904, filed in that court an amendment to her complaint, in which she made the Little Rock Railway & Electric Company a party defendant, alleging that it had purchased the property of the Little Rock Traction & Electric Company, and had assumed the payment of its obligations, and asked for judgment against the former company for $75.   The Little Rock Railway & Electric Company answered, and admitted that it had purchased from the Little Rock Traction & Electric Company its property and assumed its liabilities, and adopted its answer, and asked for judgment against plaintiff.

On October 4, 1904, the issues in the case were tried by a jury, which returned a verdict in favor of plaintiff in the sum of $35.   Judgment was rendered for that amount against both defendants, and from this judgment they prosecute an appeal to this court.

The evidence adduced at the trial, which sustained the verdict of the jury, tended to prove the following facts:

On the night of the 31st of August, 1902, about the hour of 9:06 P. M., a cow of Mrs. H. L. Hicks was seriously injured and greatly damaged by a collision with a car on the street railway of the Little Rock Traction & Electric Company, in the city of Little Rock.   The night was fair, and the stars were shining. In the locality in which the collision occurred, on that night, at the time of the collision, a cow lying down could have been seen one hundred and forty feet away.   If standing on the track, she could have been seen by the motorman in his place one hundred yards ahead of the car; if near the sidewalk on the street, she could have been seen by him one hundred feet ahead of the car;

and, if four or five feet from the track of the railway, could have been seen about one hundred yards away. No houses or trees cast a shadow in the street. The car was recklessly propelled at a great speed, to the great danger of persons and property on the track. One witness testified, over the objections of the appellants, "I have no means of telling how fast the car was running, but, judging from the ordinary speed of cars, being six or eight miles an hour, this car was running at a speed of about twenty miles per hour." The car struck the cow with great force, making a loud noise, pushing her a distance of thirty feet, tearing up the ground; one witness testifying that "there was a great big ditch in the ground where she (the cow) had been dragged." The cow was severely mangled by the collision. A witness who found her immediately after the accident says: "Several of the cow's ribs were broken, and she was hurt internally. Blood was coming out of her eyes and nose and mouth. Her hip was mashed, and she was skinned all over." In the locality in which this accident occurred stock were not prohibited from running at large. The car running at the rate of eight miles an hour could have been stopped in sixty feet; the usual rate of speed of such cars being from six to eight miles an hour.

The court instructed the jury, over the objection of the defendants, as follows: "The court instructs the jury that if they find from the evidence that the cow was lying, standing or walking on the track, and that the motorman saw her, or could, by the use of ordinary care, have seen her, in time to have avoided striking her, by the use of ordinary care and failed to use such care, then you will find for the plaintiff."

1. It is first insisted that the circuit court had no jurisdiction as to the Little Rock Railway & Electric Company. This contention is correct. The basis of proceeding against that company is the contract it made with the Little Rock Traction & Electric Company to assume the liabilities of the latter company. It was not a party to the tort involved in this action, and the only means by which the appellee sought to make it liable therefor was the contract it made with the latter company. By an amendment to her complaint in the circuit court she in effect attempted to enforce this contract by an action thereby instituted

against it in that court. The amount involved being less than $100, the circuit court acquired no jurisdiction; and the judgment rendered against it is void.

2. It is contended that the court erred in allowing Trustin Hicks to testify as follows: "I have no means of telling how fast the car was running, but, judging from the ordinary speed of cars, being six to eight miles per hour, this car was running at a speed of about twenty miles per hour." The ground of the contention is that Hicks did not show that he was an expert. The testimony was obviously introduced for the purpose of showing that the car was running at an unusual rate of speed. It did not require an expert to ascertain that fact, especially when the difference between the usual rate and the speed it was traveling at the time of the accident was very great. It was admissible to show that the car was running rapidly and at unusual rate of speed.

3. Appellants' objection to instruction copied above is that it ignored the negligence of appellee in allowing her cow to run at large. As the cow was running outside the "stock limit," the appellee was not guilty of contributory negligence in allowing her to run at large, and the objection was not well taken. *Little Rock Railway & Electric Company* v. *Newman,* 77 Ark. 599.

4. The evidence was sufficient to sustain the verdict.

The judgment as to the Little Rock Railway & Electric Company is set aside, and the action as to it is dismissed; and the judgment against Little Rock Traction & Electric Company is affirmed.