ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* RICHARDSON.

Opinion delivered July 6, 1908.

1. CARRIER—FREIGHT TRAIN—UNNECESSARY JERK.—Where a passenger standing up in a freight caboose was thrown to the floor and injured by a sudden jar of unusual violence, it was not error to submit to the jury the question whether the railway company was negligent. (Page 103.)

2. SAME—CONTRIBUTORY NEGLIGENCE OF PASSENGER—WHEN QUESTION FOR JURY.—Where a passenger, an able-bodied young woman, had left her seat in a freight caboose after seeing the train crew leave and hearing one of the trainmen say that the train would stop there for thirty minutes, and was standing on the platform when the train started before half of that time had elapsed, and before she had seen any of the trainmen come back to the train, the question whether she was negligent in leaving her seat was properly left to the jury. (Page 104.)

3. INSTRUCTIONS—WAIVER OF OBJECTION.—Where appellant confined his objection to a certain instruction in the lower court to specified grounds, he will be held on appeal to have waived all grounds of exception not specified. (Page 105.)

Appeal from Nevada Circuit Court; *Jacob M. Carter,* Judge; affirmed.

STATEMENT BY THE COURT.

On the 6th day of November, 1906, plaintiff, a colored woman about 22 years old, took passage on defendant's local freight train at Gurdon to go to her home at Prescott. Beirne was a small station between these two places. The train stopped at Beirne, and plaintiff heard one of the train crew say to another that they would stop there about 30 minutes for the trainmen to get dinner. Plaintiff remained in the caboose 10 or 15 minutes after the train stopped, and then walked out upon the back platform.

Plaintiff testified that, after remaining on the platform a short time, she noticed that the train began to move, ease off as she expressed it; that she started back into the caboose, and that, just as she turned and caught hold of the door, there was a quick jar or jerk of the train, which threw her against the door, and that she fell in the middle of the floor; that she lay there a few minutes, then got up all out of breath, laid down on the seat

and remained there until they reached Prescott.    She afterwards brought this action to recover damages for the injury.

There was a trial and verdict for her in the sum of five hundred dollars.    The other facts are sufficiently stated in the opinion.

Defendant has appealed.

*T. M. Mehaffy* and *J. E. Williams,* for appellant.

1.    The facts clearly show that appellee was guilty of such contributory negligence as to bar recovery.    A passenger upon a freight train assumes the risks incident thereto and must take notice thereof; must exercise ordinary and reasonable care to guard against injury from such risks, and must not voluntarily take a position where he is likely to be injured by a sudden jerk of the car, resulting from the taking up of slack in the ordinary way.    4 Elliott on Railroads, § 2553; 120 Ind. 549; 98 N. C. 449; 79 Va. 241; 99 N. C. 241; 38 Fed. 822; 71 Ark. 590; 32 C. C. A. 283; 38 *Id.* 412; *Id.* 450.

Though the company may have been negligent, it is nevertheless a complete defense to show that the passenger could have avoided the consequences of the act of the carrier by the use of ordinary care.    6 C. C. A. 643.

The dangers incident to travel on a freight train being greater than on a passenger train, a passenger on the former is held to a higher degree of care.    52 Ark. 517; 99 N. C. 241. And where a passenger voluntarily assumes a position in which to ride which is not safe nor intended for that purpose, he has no cause of action if injured while in that position.    14 Allen 429. 107 Mo. 653; 18 Mo. App. 290; 41 Mo. App. 432; 16 Col. 103; 38 C. C. A. 412; 46 Ark. 528; 71 Ark. 590; 40 Ark. 322; 72 N. W. 1112.

2.    The court's fourth instruction is erroneous.    A passenger, when the train is not in motion, is not entitled to special notice when it is started.    106 N. C. 63; 11 S. E. 187; 44 Am. & Eng. R. Cas. 379; 61 N. J. L. 197; 55 N. Y. Supp. 498; 60 Tex. 325; 85 Mo. App. 367.

*McRae & Tompkins* and *D. L. McRae,* for appellee.

1.    The risk appellee assumed, was that incident to the mode of conveyance, the *necessary* and usual jolts and jars, not those

caused by the negligence of the company or its servants.    93 U. S. 291; 76 Ark. 521.

2.    It was not negligence *per se* for appellee to leave her seat and walk out on the platform; and whether or not she was guilty of contributory negligence under the facts in this case, or acted as an ordinarily prudent person would have done, was a question for the jury.    49 Ark. 182; 37 Ark. 519; 46 Ark. 437; 15 S. W. 572; 24 S. W. 854; Shearman & Redfield on Neg., § 519; 118 N. C. 1047; 102 Wis. 213; 17 Mich. 99; 49 N. W. 334, dissenting opinion; 22 C. C. A. 520; 120 Ala. 120.

3.    Appellant raised no objection to the fourth instruction in the trial court as to notice of the starting of the train.    Having failed to direct that court's attention to it, appellant can not raise the objection here.    66 Ark. 46; 71 Ark. 314; 65 Ark. 371; 30 Ala. 363.    While it may be true that a passenger leaves his seat at his own risk, if the train is making only its usual stops, and there is nothing to lead the passenger to believe that he may safely leave his seat, yet each case must depend upon its own facts, and it is usually a question for the jury to say whether the passenger acted with reasonable prudence.    2 Hutchinson on Car., § 1116; 58 Mo. 176; 30 Ga. 122; 8 N. Y. Supp. 389; Wood on Railroads, 1326; 3 Thompson on Neg., § 2372.

HART, J., (after stating the facts.)    There are three propositions presented for our consideration.

First.    Was the appellee injured by a jerk or jar of great, unusual and unnecessary violence?

A drummer named Hawley and plaintiff were the only persons in the car at the time the injury was received by the plaintiff.    Hawley testified that he was in the habit of riding on local freights, and that it was the heaviest jolt he ever got on a car. That it jarred the papers and a pencil off of the desk on to the floor and threw him against the wall.    That he saw plaintiff fall, and that she scrambled around and managed to get upon the seat and laid down.    That the jar was caused by the engine backing cars to which it was attached against cars to which the caboose was attached.    Appellee testified that she had never ridden on a freight train before, but that she knew that when one began to move the movement was always accompanied by a jerk or jar, and on this account she started into the caboose.    The jar came

after she had caught hold of the door, and it came with such violence that, although expecting it, she was thrown to the floor with great force. Appellant adduced testimony tending to show that there was not an unusual violence, but it is not our province to pass upon the weight of the evidence. Taking into consideration the testimony of Hawley, who had had considerable experience riding upon freight trains and especially the one in question, coupled with the testimony of appellee that, although expecting a jar, she was jerked loose from her hold on the door and thrown with great violence on the floor, we are of the opinion that there was sufficient testimony to submit the question to the jury.

Second. Was the appellee guilty of contributory negligence in leaving her seat and going out on the back platform of the caboose at the time and under the circumstances under which it was done?

In the case of *Pasley* v. *St. Louis, I. M. & S. Ry. Co.,* 83 Ark. 22, the court said: "It cannot be said as a matter of law that every time a passenger on a freight train arises from his seat he is guilty of contributory negligence; it is only when his standing is so protracted or uncalled for that it is unnecessary and imprudent that the question of his negligence will be taken from the jury."

In the present case, appellee had heard one of the trainmen say that they would stop at the station for 30 minutes. The crew had left the train, and before hardly more than half the time before she expected them to return had elapsed, and before she had in fact seen any of the men come back to the train, it was suddenly started. Under these circumstances, the appellee being a young able-bodied woman, the question of her contributory negligence was also properly left to the jury.

Third. At the request of appellee over the objections of appellant, the court gave the following instruction:

"The care required by passengers is such as reasonably prudent persons exercise under the same circumstances. A passenger on a freight train is not absolutely required to sit at all times, and especially while the train is not in motion. They are, when the train is not in motion, entitled to notice of the starting of the train. So, in this case, if you believe from all the facts

and circumstances in evidence the plaintiff was acting as a reasonably prudent person, she would be entitled to recover although she was standing."

Counsel for appellant now object to this instruction because the court told the jury that appellee was entitled to notice of the starting of the train. The objection is well taken, had it been made at the trial in the court below. But appellant made a specific objection to the instruction in the trial court as follows:

"Because it was in direct violation of defendant's printed rules, and because the proof does not show that the plaintiff was on the platform through necessity or for convenience."

Counsel for appellant, having confined his exception to the grounds specified by him, has waived all other grounds. *Kahn* v. *Lucchesi*, 65 Ark. 371; *Stein* v. *Ashby*, 30 Ala. 363.

Having already determined that the question of contributory negligence of the plaintiff in going out on the platform was properly submitted to the jury, it is sufficient here to say that appellant's specific objection to this instruction is not tenable.

The judgment is affirmed.