ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* JACKSON.

Opinion delivered January 3, 1910.

1. CONTINUANCES—DISCRETION OF COURT.—Questions as to continuance of cases rest so much in the sound discretion of the trial court that

it must be a very capricious exercise of power or a very flagrant case
of injustice that the appellate court will interpose to correct.
(Page 122.)

2.  SAME—REFUSAL—PREJUDICE.—The refusal of the trial court to grant
a continuance asked upon the ground of surprise and to enable the
appellant to secure witnesses as to a certain transaction was not
prejudicial where it affirmatively appears that appellant had all the
material witnesses that it needed.   (Page 122.)

3.  EVIDENCE—OPINION.—It was not error to permit a witness to testify
that he had been a passenger on defendant's freight train a great
number of times, and that he was familiar with the ordinary jerks
and jars incident to travel on such trains, and that the ordinary
shocks were not as severe as the jar which caused plaintiff's injuries.
(Page 124.)

4.  SAME—EXPRESSION OF PAIN.—It was not error to permit a witness to
testify that immediately after plaintiff, a passenger, was thrown down
by a sudden jar of the train he complained of being badly hurt; the
weight and credit to be given to such testimony being a question for
the jury.   (Page 124.)

5.  DAMAGES—PERSONAL INJURIES.—It was not error, in a personal injury
suit to permit the plaintiff to testify as to the amount that he had been
earning, by the personal labor of himself and by his management of
other laborers. (Page 125.)

6.  SAME—EXCESSIVNESS.—Where the evidence was that plaintiff, for
seven months, suffered severe pain by reason of personal injuries re-
ceived upon a train, that he was compelled to use crutches for six or
eight weeks, and was unable to work for seven months, and would be
unable to labor for some time in the future, an award of $750 as
damages was not excessive.   (Page 125.)

7.  INSTRUCTIONS—APPLICABILITY.—It was not error to refuse to give an
instruction which was not applicable to the issues in the case.
(Page 126.)

8.  CARRIERS—PASSENGERS ON FREIGHT TRAINS—DEGREE OF CARE.—While a
passenger on a freight train assumes the ordinary risks and incon-
veniences that are incident to travel on such trains, the railway com-
pany owes to such passenger the duty to exercise the highest degree
of care consistent with the practicable operation of such train to pro-
tect the passenger from injury.   (Page 126.)

9.  SAME—NEGLIGENCE.—Where the evidence tended to prove that plain-
tiff was riding on the caboose of a freight train as a passenger, and
that he was thrown to the floor by a sudden jerk of unusual violence,
it was a question for the jury to determine whether the railroad com-
pany was negligent in causing the injury. (Page 126.)

Appeal from Woodruff Circuit Court; *Hance N. Hutton,*
Judge; affirmed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

1. The court erred in refusing to grant a continuance, because defendant was not prepared to meet the issues presented in the pleadings as to any other than the specific date named therein. Sec. 6140, Kirby's Dig.; 29 Ark. 372; 59 *Id.* 165; 67 *Id.* 142; 69 *Id.* 363; 70 *Id.* 232; 71 *Id.* 197; 75 *Id.* 466; 78 *Id.* 536.

2. The opinion of witness Stair as to the shock or jar of the train was not properly admissible. 66 Ark. 494; 50 Mo. App. 666; 117 Mass. 137. Nor was his testimony as to statements made by plaintiff after he had stepped off the train competent, same not being a part of the *res gestae.* 48 Ark. 33; 61 *Id.* 52; 66 *Id.* 494.

3. It was error to permit plaintiff to testify as to the amount of his earnings, there being no allegation in the complaint to warrant such testimony, or a recovery for such loss. The verdict is therefore excessive.

4. The court should have given defendant's instruction No. 1.

*Harry M. Woods,* for appellee.

1. The motion for continuance was premature and without foundation, and was properly overruled. Continuances are matters in the discretion of the trial judge, and "each case must be judged according to its peculiar facts." The subsequent testimony established the date on which the injury occurred to be the same as that alleged in the complaint. 82 Ark. 393; 88 *Id.* 88; 121 S. W. 943.

2. The testimony of witness Stair as to the violence of the shock was competent. 5 Enc. Evidence, 714; 62 Ark. 259; 79 *Id.* 248. His testimony as to statements made by plaintiff on leaving the car, that he was "bad hurt," was also competent, as a part of the *res gestae.* 72 Ala. 112; 20 Ark. 225; 43 Ark. 99.

3. Plaintiff's testimony as to his loss of earnings was clearly admissible, and was responsive to the allegations of the complaint. The court properly instructed the jury on this question, and the verdict was not excessive.

4. There was not a scintilla of evidence upon which to base instruction No. 1 asked by defendant, and the court properly refused to give it.

FRAUENTHAL, J. This was an action instituted by Zolley Jackson, the plaintiff below, against the St. Louis Southwestern Railway Company to recover damages for personal injuries al-

leged to have been sustained while he was a passenger on one of defendant's trains. In August, 1908, the plaintiff paid his fare, and became a passenger on one of defendant's local freight trains from Fair Oaks to Brinkley. The evidence on behalf of the plaintiff tended to prove that when the train arrived at Brinkley and stopped at the place where passengers are accustomed to alight from such trains there were several passengers on the caboose with the plaintiff who prepared to leave the train. The plaintiff arose from his seat, and at that moment the train made a sudden backward movement with a violent impact of the cars, and with such force that it threw the plaintiff forward for a distance of twelve or fourteen feet and against the front end of the caboose. The sudden jerk threw him against the car with such force that it injured him severely in the back and wrenched his ankle. Immediately on leaving the train he stated that he was badly hurt, and on the same day had to be assisted in returning to his home. He had his ankle examined, and applications of liniment placed thereon at a drug store on the same day; and later secured the services of a physician. He was compelled to use crutches for six weeks or two months, and was unable to perform any labor for a number of months thereafter; and at the time of the trial, about seven months after the injury, he still suffered great pain in his back and ankle therefrom, and was unable to do a day's work. Upon the trial of the cause the jury returned a verdict in favor of the plaintiff for $750; and from the judgment rendered thereon the defendant prosecutes this appeal.

It is urged by the defendant that the lower court erred in refusing to grant a continuance of the trial of the case. Upon the trial of the case the plaintiff introduced as a witness J. L. Stair, who testified that he was a passenger upon the freight train at the time that the plaintiff was injured. He testified further that the injury occurred about the 17th day of August, 1908; that he was not positive as to the exact day of the month, but it was about August 17, and on Friday. It was alleged in the complaint that the injury occurred on August 17, 1908. When the witness testified that it was about the 17th of August, and not positively as to the exact day of the alleged injury, the defendant asked that the case be taken from the jury and continued because

it was taken by surprise; that, relying on the allegation in the complaint as to the time of the injury, it had subpoenaed as witnesses its employees and Miss Julia Julien, who were on the freight train on August 17, and that it had subpoenaed no persons who were on said train on another date. The court overruled the motion to continue the case. We do not think that there was any error in this ruling of the court.

A motion for a continuance is ordinarily addressed to the sound discretion of the trial court, and that discretion will not be controlled by this court unless it has been manifestly abused. In the case of *Watts* v. *Cohn*, 40 Ark. 114, Mr. Justice SMITH, speaking for the court, said: "Questions as to the trial or continuance of causes rest so much in the sound discretion of the trial court that it must be a very capricious exercise of power or a very flagrant case of injustice that the appellate court will interpose to correct." *Magruder* v. *Snapp*, 9 Ark. 108; *Hunter* v. *Gaines*, 19 Ark. 92; *Wilde* v. *Hart*, 24 Ark. 599; *Supreme Lodge K. of P.* v. *Robbins*, 70 Ark. 364.

The only object that the defendant in the case at bar could have had in asking for a continuance was to procure witnesses who were on the train at the time of the injury, whether it was on the 17th day or some other day of August. At the trial of the case it had subpoenaed and introduced as a witness Miss Julia Julien, who testified that she was a passenger on defendant's freight train to Brinkley on a certain Friday in said month of August, and that the following Monday was the 17th day of August; and while she testified that she did not see any person injured on the train on that day when she was a passenger, she also testified that several passengers were on the train, and amongst them a colored man. The other witnesses of defendant who testified at the trial of the cause were a brakeman and conductor. The brakeman stated that he and the conductor were on the train on the same day in August on which Miss Julia Julien was a passenger. Now, the plaintiff, who is a colored man, stated that the day upon which he was injured was the only day that he was ever a passenger on defendant's freight train, and that the young lady, Miss Julia Julien, was a passenger on that train. The witness, J. L. Stair, testified that Miss Julia Julien was a passenger on the train at the time that the plaintiff

was injured. So that the exact date of the injury was definitely fixed, and the defendant had at the trial as witnesses this young lady and its employees, who were on the train at the time, and had prepared its defense with the knowledge that this was the occasion upon which the plaintiff alleged that he was injured. There was, therefore, no mistake made by either party as to the exact date upon which it was claimed that the injury occurred. The defendant could not have been prejudiced by the refusal to grant a continuance. The exact day of the month upon which the alleged injury occurred was not material under these circumstances. *Smith* v. *Weatherford*, 92 Ark. 6.

In the course of his testimony the witness J. L. Stair stated that the impact of the cars upon the backing of the train made a "violent jar;" that he had been a passenger on defendant's freight trains a great number of times, and that he was familiar with the ordinary jerks and jars incident to travel on such trains, and that the "ordinary shocks were not as much" as the shock on this occasion. The defendant objected to this testimony of the witness upon the ground that it was the expression of the opinion of the witness. But we do not think that this objection is tenable. The witness was describing the force of the jar or shock, and in the use of the word "violent" he only expressed the idea of the degree of force with which the impact of the cars was made. He had been a passenger on freight trains a great number of times, and was familiar with the ordinary and usual jerks and jars of such trains. In describing the force of this jar or jerk it was competent for him to compare it with those with which he was familiar; and it was also competent by this testimony to show that it was an unusually hard impact of the cars and an extraordinary jar and shock.

In the case of *St. Louis, I. M. & S. Ry. Co.* v. *Richardson*, 87 Ark. 101, the following language of a witness relative to the shock or jar on such a train was quoted with approval as to its competency: "Hawley testified that he was in the habit of riding on local freights, and that it was the heaviest jolt he ever got on a car." *St. Louis & S. F. Ry. Co.* v. *Brown*, 62 Ark. 259; *Little Rock Traction & Electric Co.* v. *Hicks*, 79 Ark. 248.

The defendant urges that the lower court committed an error in permitting the witness Stair to testify as to certain state-

ments made by plaintiff. The witness testified that the plaintiff immediately on getting off the train complained of the injury, and said he was "hurt and hurt bad." It is contended that this testimony was not admissible because it was not a part of the *res gestae*. The testimony thus complained of was not a narration of how the injury happened, but only an expression of pain made at the time of the suffering, and as an undesigned incident of it. The testimony of the witness as to the statement of the plaintiff of pain was in effect a description of the injury or wound on the person of the plaintiff. The expression of pain thus used by the plaintiff at the time was illustrative of the character and extent of the injury; and the witness, in testifying as to the exclamation of the plaintiff, was describing the condition of the plaintiff, just as if he had testified to the fact that the plaintiff limped, or staggered, or fell down, or otherwise gave physical evidence of the suffering from or condition of the injury. It was therefore testimony relative to the injury itself, and directly describing its nature and extent, and it was not a declaration of its cause or of the occurrence which produced its result. The testimony of the witness as to the words of pain emanating from the plaintiff was in effect the description by the witness of verbal acts which was competent like testimony as to any other relevant fact. What weight should be given to such declarations and what credit were matters for the jury to pass on. *Insurance Co.* v. *Moseley,* 75 U. S. 397; *Gray* v. *McGlaughlin,* 26 Iowa 279; *Kennard* v. *Burton,* 25 Me. 39; *Matteson* v. *New York Central Rd. Co.,* 35 N. Y. 487.

We are also of the opinion that no error was committed by the lower court in permitting the plaintiff to testify as to the amount he earned by the personal labor of himself and in the management of other laborers. This testimony showed the value of his earning capacity, and was therefore a proper element of his damage, if by the injury he was unable to perform labor or the duties of managing the other laborers. It is also urged by the defendant in this connection that the verdict is excessive. We have carefully examined the testimony of the plaintiff and the physician who attended him. The plaintiff has suffered pain for at least seven months from the injury, and at times has suffered intensely, and in all probability will suffer pain therefrom for

some future time. This, in connection with the loss of his time and labor and his decreased ability to labor for some time in the future, convinces us that the verdict is not excessive.

The defendant requested the court to instruct the jury, in substance, that, if the train stopped at the station a sufficient length of time to have permitted the plaintiff by the use of ordinary care and diligence to leave the train before the jar that caused the injury occurred, the plaintiff cannot recover. But there is no testimony in the case upon which the instruction can be based. The plaintiff and his witness testified that, immediately upon the train having stopped, the passengers prepared to leave the train, and the plaintiff arose from his seat for that purpose. The witnesses on the part of the defendant testified that there was no jar or shock, and that no one was thrown down in the caboose, and that no one was injured. The sole question for the jury to determine under the evidence was whether or not there was an unusual jar or jolt of the train, and whether or not the plaintiff was thrown forward and down in the caboose and thereby injured. That was the issue, and no evidence was adduced as to any other issue. The instruction was therefore abstract, and was correctly refused.

In the case at bar the defendant accepted passengers on its local freight train and undertook their carriage on that character of train. The passenger riding in the caboose of a freight train assumes the ordinary risks and inconveniences that are incident to the travel on such trains. But the railway company owes to the passenger on its freight train the duty to exercise the highest degree of care consistent with the practicable operation of such train to protect the passenger from injury. Failing in exercising that care, the railroad company is guilty of negligence; and if that negligence is the proximate cause of the injury complained of, it is liable for the damages consequent on such injury. In the case at bar the plaintiff was riding in the caboose of a freight train as a passenger; he was thrown to the floor and severely injured by a sudden jar or jerk of unusual violence; from that testimony it became a question of fact for the jury to determine whether the railroad company did exercise that high degree of care which it owed to the plaintiff to protect him from injury, or whether it was guilty of negligence in causing the

injury.  *Rodgers* v. *Choctaw, O. & G. Rd. Co.,* 76 Ark. 520;
*Pasley* v. *St. Louis, I. M. & S. Ry. Co.,* 83 Ark. 22; *St. Louis,
I. M. & S. Ry. Co.* v. *Richardson,* 87 Ark. 101; *St. Louis, I. M.
& S. Ry. Co.* v. *Brabbzson,* 87 Ark. 109; *Arkansas Central Rd.
Co.* v. *Janson,* 90 Ark. 494.

The court instructed the jury in accordance with the above
principles of law applicable to the facts of this case, and the ver-
dict returned by the jury was warranted by the evidence.

The judgment is affirmed.