CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v*. PRATT.

Opinion delivered April 11, 1910.

1. CONTINUANCE—AMENDMENT.—Refusing a continuance asked on account of an amendment of the complaint which does not change the cause of action, but states it more definitely, was not error where it appears that all of the witnesses to the occurrence were present and testified. (Page 431.)

2. MASTER AND SERVANT—NEGLIGENCE—EVIDENCE.—Proof tending to prove that a fellow servant negligently threw a switch, and caused an engine to strike plaintiff while he was unaware of its approach, and without giving him any warning, was sufficient to justify a finding of negligence on the part of the fellow servant. (Page 432.)

Appeal from Calhoun Circuit Court; *George W. Hays,* Judge; affirmed.

*Thomas S. Buzbee* and *George B. Pugh,* for appellant.

The court erred in refusing a continuance. 71 Ark. 197; 67 Ark. 142. The evidence is not sufficient to support the verdict, because it fails to show that the injured person was discovered in time to avoid the injury. 86 Ark. 306; 82 Ark. 522; 79 Ark. 608; *Id.* 225; 72 Ark. 572; 61 Ark. 549.

*Davis & Pace,* for appellee.

The evidence is sufficient to support the verdict. 79 Ark. 621. It is for the jury to determine all disputed questions of fact. 67 Ark. 531; 65 Ark. 116; *Id.* 255; 67 Ark. 433. The verdict is not excessive. 19 Kan. 488; 81 Ia. 1; 89 Wis. 257; 51 Ill. App. 543; 63 *Id.* 172; 90 Ill. 142; 58 N. Y. S. 640; 83 Ga. 512.

MCCULLOCH, C. J. This is an action to recover damages for personal injuries sustained by the plaintiff on account of being struck by a moving switch engine operated by defendant's servants. The original complaint stated that plaintiff was employed as a car inspector in defendant's yards at Ruston, La., and that "the yardmaster in charge of the railroad yards of said corporation in the town of Ruston, State of Louisiana, was engaged in making a flying switch, in order to place certain cars on a certain sidetrack in said yards, and that, while so engaged in making said flying switch, he negligently and carelessly caused the engine attached to said cars to be run over

plaintiff, knocking him to the ground, breaking two of his ribs and his right arm above the elbow, inflicting serious and painful wounds upon his head, his hips and back and his legs, and injuring plaintiff internally."

Defendant moved the court to require plaintiff to make his complaint more definite and certain by stating in what manner the yardmaster was negligent in making the flying switch, and by giving the name of the yardmaster, so that defendant could prepare its defense. Plaintiff then amended the complaint by inserting a further allegation as to the manner in which his injury occurred, as follows: "That plaintiff was standing upon the sidetrack, near to the switch, wholly unconscious of the fact that the engine was to be turned into the switch where he was standing, and that W. J. Horton, an agent and employee of said defendant, seeing him, and realizing his peril, failed to warn him, but carelessly and negligently, and without warning, suddenly threw the switch, running the engine upon the sidetrack, thereby negligently and carelessly causing the engine attached to said cars to be run over plaintiff, knocking him to the ground," etc.

Defendant then moved for a continuance, on the ground that the amendment completely changed the cause of action set forth in the complaint as originally filed, and that since the change defendant had had no opportunity to procure the attendance of witnesses. The motion was overruled, and defendant answered, denying the allegations of negligence. A trial resulted in a verdict in plaintiff's favor in the sum of $8,000, and defendant appealed.

The principal assignment of error is as to the ruling of the court in refusing a continuance. The amendment did not change the cause of action set forth in the original complaint, but stated it more definitely. No prejudice resulted from the refusal of the court to postpone the trial, for it appears that the witnesses to the occurrence were all present and testified. Defendant introduced Horton and the trainmen who were present. It is not shown that the attendance of any other material witnesses could have been procured by the postponement of the trial. No prejudice, therefore, resulted. *St. Louis S. W. Ry. Co.* v. *Jackson,* 93 Ark. 119.

It is contended that there was not sufficient evidence to sustain the charge of negligence upon the part of the yardmaster, Horton, after his discovery of plaintiff's perilous position. The plaintiff was a car inspector, but was not engaged in inspecting cars when he was injured. He and two other employees, Hair and Holloway, were walking through the yards going to another part of the yards, and Horton was having some switching done. The main track runs north and south, and there are two sidetracks—one called "the compress track," running off from the east side of the main track, and the other called "the Y track," running off from the west side of the main track. The two switches on the main track are about 140 feet distant from each other.

Plaintiff and his two companions were going down the main track, and had passed the compress switch, and were approaching the Y switch, when Horton, who was standing near the Y switch, called to one of them, and directed him to go back and throw the compress switch. An engine with cars attached was then coming up the main track from below the Y switch, and the Y switch was, according to the plaintiff's testimony, lined up for the engine to go on up the main track. They were then walking along a path between the main track and the Y switch, which at that place were only three or four feet apart, and stepped over on the Y track in order to get out of the way of the approaching engine, which they supposed was to pass on up the main track; and, in obedience to Horton's directions, Holloway ran back to the compress switch to throw it. Plaintiff and Hair turned their faces toward Holloway, and, supposing that a flying switch was to be made so as to kick the cars on the compress track, they called out to Holloway not to throw the switch until the engine passed. They did not know that the Y track was to be used, as the switch for that track was lined up for the engine to pass on up the main track. Their backs were turned toward Horton, and, as the engine approached, Horton threw the Y switch, the engine passed in on the Y track, and struck plaintiff before he was aware of its approach. Hair also narrowly escaped being injured.

Plaintiff and Hair were standing on the Y track about forty feet distant from the switch, and in full view of Horton. Hor-

ton testified that when he called to plaintiff and the other two men to throw the other switch, he had already thrown the Y switch so that the engine would go in on the Y track, and was standing by the switch ready to throw it back as soon as the engine passed, and thus let the detached cars pass on up the main track and turn in on the compress track. In this he is contradicted by the plaintiff, who says that the Y switch was lined up for the main track at the time they stepped over on the Y track. He is also contradicted by witness Carpenter, who testified that Horton was standing within five or six feet of the Y switch, and, *after* he called to the others to throw the compress switch, he stepped over and grabbed hold of the Y switch to throw it.

It is true, as contended by the defendant's counsel, that the direct evidence fails to show that Horton was looking at plaintiff and Hair when he threw the switch; but the testimony does show that only a moment before he was looking at them and saw them step over on the Y track and turn their backs toward him and the approaching engine, and that he immediately threw the switch so as to turn the engine in on the Y track where plaintiff and Hair were standing, apparently unconscious of their danger. He gave no warning at all, and the jury were warranted in finding that Horton was aware of plaintiff's perilous position and of the latter's unconsciousness of the danger. We think the evidence was sufficient to sustain the finding of the jury.

The evidence was also sufficient to warrant the recovery of the amount of damages assessed by the jury. The verdict was not excessive.

Judgment affirmed.