WATTS, ET AL. vs. COHN.
SAME vs. SAME.
SAME vs. SAME.

1. PRACTICE IN SUPREME COURT: *Affidavit for continuance. Bill of exceptions.*
   When an affidavit for a continuance is not in the bill of exceptions, or the refusal of the application by the Court is not made

a ground for a new trial, the Supreme Court will not review the ruling of the Circuit Court upon the motion to continue.

2. SAME: *On refusal of continuance in Circuit Court.*

Questions as to the trial or continuance of causes rest so much in the discretion of the trial Court, that it must be a very capricious exercise of power or a very flagrant case of injustice that the Supreme Court will interpose to correct.

APPEALS from *Sebastian* Circuit Court.

HON. JAS. F. READ, Special Judge.

*Duval & Cravens* for Appellant:

In view of all the circumstances of this case, it would be difficult to conceive of a more wanton, arbitrary and oppressive exercise of Judicial discretion than in this instance. The motion to set aside the judgment, and allow defendant to plead to the merits was not a motion for a new trial, for he had had no day in Court.

Even after the expiration of the term, the court has power to vacate or modify a judgment when for unavoidable casualty or misfortune a party is prevented from appearing or defending. *Sec.* 3396 *Gantt's Digest.*

*Clendenning & Sandels* for Appellee.

This case falls within the rule of *Oliver vs. State,* 34 *Ark.*, 632. When negligence is shown, upon the part of the debtor, his application for relief will not be favorably considered.

SMITH, J. These were actions by the payee against the makers of certain promissory notes. The answers admitted the execution of the notes, but set up matters in avoidance. When the causes were reached upon the call of the docket, an application was made in behalf of the defendants for a continuance on account of the absence of themselves and other material witnesses, all of whom, except one, resided in the Indian Territory, but at no great distance from Fort

Smith, where the Court was held; and also on account of the illness of Mrs. Watts, wife to the principal debtor.

PRACTICE
in SUPREME
COURT:
Motion for
continu-
ance must
be in su-
preme
Court.
We can not review the ruling of the Court refusing this application for the reason that the affidavit, upon which it is based, is not brought upon the record by bill of exceptions, and also because the refusal to continue for the term was not made a ground of the motion for a new trial. *Phillips vs. Reardon*, 7 *Ark.*, 256; *Evans vs. Rudy*, 34 *Id.*, 384; *Wise vs. Martin*, 36 *Id.*, 305.

The cause was set down for trial on the 29th June, nine days later. On that day Watts failing to appear, his attorneys moved the Court to postpone to a future day of the same term, it being alleged that he was detained by the serious indisposition of his wife. This motion was accompanied by letters from Watts and the physician in attendance on her. The cases were laid over until July 1 and again until July 2, when juries were impannelled to try the issues joined, verdicts returned and entered for the plaintiff in the three cases; Watts and his witnesses being absent and his attorneys protesting against being forced into a trial.

Motions for a re-trial, to which were attached affidavits, showing the physical condition of Mrs. Watts, were overruled. It appears from the affidavit of Breedlove, one of the defendants, that on the day of trial, Watts was in his store, ten miles from Ft. Smith, selling goods, waiting upon customers and attending to his ordinary business. He was asked why he was not at Court and if the trial of his cases had not been fixed for that day. He replied that his lawyers had promised to inform him when they were to come on. Breedlove then told Watts that according to his understanding, the cases had been postponed from June 29th to July 2nd, on account of his wife's condition. Watts said she had been right sick, but was better now.

Questions as to the trial or continuance of causes rests so

much in the sound discretion of the trial Court that it must be a very capricious exercise of power or a very flagrant case of injustice that the Appellate Court will interpose to correct. *Campbell vs. Strong, Hempst. Rep.* 265 ; *Barris vs. Wise,* 2 *Ark.,* 33; *Turner vs. Eustis,* 8 *Id.,* 119 ; *Stewart vs. State,* 13 *Id.,* 720; *Hunter vs. Gaines,* 19 *Id.,* 92 ; *Stillwell vs. Badgett,* 22 *Id.,* 164 ; *Wilde vs. Hart,* 24 *Id.,* 599 ; *Thompson vs. State,* 26 *Id.,* 323 ; *Edmonds vs. State,* 34 *Id.,* 720.

Affirmed.