### STATE *v.* AVEN.

Opinion delivered March 22, 1902.

SCHOOL DISTRICTS—POWER TO EMPLOY ATTORNEYS.—As an incident to the power given to school districts to contract and sue, they are authorized to employ attorneys, who are entitled to reasonable compensation for their services.

Appeal from St. Francis Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Affirmed.

*Fizer & Beasley,* for appellant.

The prosecuting attorney should have attended to the matter, and he is allowed therefor $5. Sand. & H. Dig., § 3304.

*Norton & Prewett,* for appellees.

The evidence shows that Norton & Prewett were the regularly employed attorneys for the school districts. 65 Ark. 159; S. C. 49 S. W. 189. The districts had power to employ them. 39 Ark. 50; 63 Ark. 433; S. C. 39 S. W. 264.

BATTLE, J. The state of Arkansas, for the use of school districts Nos. 9 and 16 of the county of St. Francis, instituted an action against John B. Wilson and others to recover a sum of money for which Wilson was indebted to them. Norton & Prewett, a firm of lawyers, were employed to prosecute the action. They did so, and recovered a judgment and collected it. The money collected was paid to John W. Aven, the treasurer of St. Francis county, less the amount retained by Norton & Prewett for services rendered. Aven, as county treasurer, thereafter filed his settlement in the St. Francis county court, and charged himself only with the amount he actually received. His settlement was approved by the county court. The action before us was brought by the state of Arkansas, for the use of said school districts Nos. 9 and 16, against John W. Aven and the sureties on his official bond in the St. Francis chancery court, to set aside said settlement for fraud and recover a judgment against him and his sureties for the amount retained by Norton & Prewett as a fee for their services. A decree dismissing the complaint was rendered in favor of the defendants, and the plaintiff appealed.

The school districts were authorized to employ attorneys or ratify the employment of them in their behalf. We have failed to find any statute making it the duty of any officer to prosecute an action in the circuit and chancery courts, or any inferior court, in their behalf. But the statutes do authorize them to contract and to sue. As a necessary incident to this power, they have the right to employ attorneys to institute and prosecute actions in their behalf; and such attorneys are, of course, entitled to a reasonable compensation for their services.

In the action before us Norton & Prewett were not made parties, and the record fails to show what their services were reasonably worth, and thereby fails to sustain the attack upon the settlement of Aven for fraud, and to show that appellants were entitled to judgment for any amount against appellees; the burden of proving the charge of fraud being upon the appellants.

Decree affirmed.