SPEAR MINING COMPANY *v.* SHINN.

Opinion delivered January 10, 1910.

1.  CONTINUANCES—DISCRETION OF COURT.—Questions as to the trial or continuance of causes rest so much in the discretion of the trial court that it must be a very capricious exercise of power or a very flagrant case of injustice that the appellate court will interpose to correct. Thus a continuance asked to enable appellants to take the deposition of a witness was properly refused where they made no showing as to why they had not taken the testimony previously. (Page 350.)

2.  PARTIES—WHEN DEFECT OF, WAIVED.—The objection that there was a defect of parties plaintiff is waived by failure to raise it in the court below, either by demurrer or answer, and cannot be raised on appeal for the first time. (Page 351.)

3.  SAME—CREDITORS' BILL.—Creditors of an insolvent corporation may, on behalf of themselves and all other creditors who may join with them, bring suit to discover assets of such corporation and to obtain an accounting from other corporations who had assumed to pay, to the extent of such assets, the liabilities of the debtor corporation, where the total indebtedness of the debtor corporation exceeded its assets. (Page 351.)

4.  SAME.—One may maintain an action upon a promise made to another for his benefit, if such promise was founded on a consideration; and especially where the promisor received property and in consideration thereof agreed to discharge the debt of another. (Page 352.)

5.  CORPORATIONS—ASSUMPTION OF ANOTHER'S DEBT.—A corporation may become liable for the debts of another corporation where it has expressly or impliedly assumed them. (Page 352.)

Appeal from Newton Chancery Court; *T. Haden Humphreys,* Chancellor; affirmed.

*Pace & Pace, Davis & Pace,* and *Hamlin & Seawel,* for appellant.

The Spear Mining Company and the Spear Realty Company were not responsible for the debts of the Flynn Mining Company. 37 Ark. 23; 25 Ill. 353; 42 Ia. 563. The corporations were separate and distinct, and one would not be liable for the debts of the other without an express agreement to that effect. 48 S. W. 806; 33 L. R. A. 800; 61 Wis. 20; 70 U. S. 234; Angell & Ames, Corp., §§ 40, 46, 100, 591, 595. There was a misjoinder of parties plaintiff. 30 Cyc. 114.

*G. J. Crump,* for appellee.

Where the transcript fails to show all the evidence upon which a cause was heard, the presumption is that the decree is

correct. 77 Ark. 187; 58 Ark. 135; 45 Ark. 312; 88 Ark. 318, 322. A misjoinder of plaintiffs is waived unless taken advantage of in the trial court. Kirby's Dig., § § 6093, 6096; 75 Ark. 288; 66 Ark. 560; 88 Ark. 589; 71 Ark. 47.

FRAUENTHAL, J. The plaintiffs below, T. J. Shinn & Company, the Boone County Hardware Company, and Charles Hill, were creditors of the Flynn Mining Company, a domestic corporation; and they instituted this suit in the Boone Chancery Court on behalf of themselves and all other creditors of said corporation who might join with them in the action, seeking to recover judgments for their several debts against all the defendants below. These defendants are the said Flynn Mining Company and the Spear Mining Company, which is a domestic corporation, and the Spear Realty Company, which is also a domestic corporation, and certain individuals who were officers of the Flynn Mining Company. In their complaint the plaintiffs set out the several debts due by the Flynn Mining Company to each of them; and they alleged that the stockholders and officers of, the three corporations were the same, and that each corporation was succeeded by and merged into the other; that the Flynn Mining Company became largely indebted to various creditors, and turned over all its properties and assets to the two other corporations, and in effect went out of existence. They alleged that the two latter corporations, upon taking and receiving said property and assets, agreed to pay the liabilities of the Flynn Mining Company, and that these two corporations had failed to pay said liabilities or to account for said property and assets so received by them. They sought to discover these assets and to enforce the agreement made by the two latter corporations to pay the indebtedness of the Flynn Mining Company by recovering judgments for their debts against these two latter corporations, as well as against the Flynn Mining Company. They also alleged that the individual defendants had, by legal contract entered into by them, bound themselves and had become liable for said indebtedness of the Flynn Mining Company.

No other creditors of the Flynn Mining Company joined in this suit, and the total amount of the indebtedness due by the Flynn Mining Company to all the plaintiffs was $823.71.

The individuals who were made defendants herein filed no answer or other pleading; and judgment by default was rendered against them.

The three corporations filed separate answers, which were substantially the same in their denials and allegations. They admitted that the Flynn Mining Company was indebted to the plaintiffs as alleged in the complaint; but denied that the stockholders and officers of the three corporations were the same, or that the Flynn Mining Company was merged in the two latter corporations. They alleged that the Spear Mining Company had purchased from the Flynn Mining Company all its properties at the price of $1,100, and had assumed and agreed to pay that amount only of the indebtedness of the Flynn Mining Company; that it had paid out a portion of said purchase price, and that it was willing and ready to pay into court the balance of said purchase money. They denied that the two latter corporations had assumed all the liabilities of the Flynn Mining Company, or that they were responsible therefor; and they alleged that the three corporations were distinct and separate organizations.

The testimony of the plaintiffs was taken by depositions; and they finished taking their testimony on May 22, 1908. After this the defendants notified the plaintiffs that they would take the depositions of their witnesses on June 6, 1908, but they did not do so. About September 5, 1908, the attorney of the defendants sent by mail to the attorney of the plaintiffs certain interrogatories to which he requested him to append cross-interrogatories, in order that the testimony of the witnesses of the defendants could be taken thereon. The attorney of the defendants claimed that these were not returned to him in time to take the depositions of the defendants' witnesses before the day upon which the court in which the case was pending convened. That court convened on September 21, 1908, and the case was called for trial in that court on September 23, 1908. On that day the defendants moved the court to continue the trial of the case upon the ground that they had not taken any testimony, and in order that they might do so. In this motion they set out the names of the witnesses whose depositions they desired to take and what they expected to prove by them. The court overruled the motion to continue the case.

The plaintiffs took the testimony of John A. Bunch, who was the treasurer of the Flynn Mining Company, and of J. C. Bunch, who was a member of the Spear Mining Company, and the secretary of the Spear Realty Company; and these two persons had been actively engaged in the management of these respective corporations.

From their testimony it appears that with a few exceptions the three corporations were formed and composed of the same individuals, and were in effect under the management of the same persons; and that the place of business of each corporation was at Yardell, Arkansas. The Spear Mining Company was the owner of certain mining property, consisting of land, buildings and machinery, which was used in mining zinc, lead and other minerals. On January 20, 1904, it leased the land and fixtures to the Flynn Mining Company for a term of ten years in consideration of certain royalties which should be paid to it from the operation of the mine. The Flynn Mining Company acquired certain personal property, and conducted its mining operations until August 4, 1904, when it turned over to said Spear Mining Company all its properties and assets and said lease. On that date the Flynn Mining Company was indebted to various creditors in sums aggregating $2,000. The personal property of the Flynn Mining Company was estimated on that date to be of the value of $1,100; and all this property was turned over to the Spear Mining Company upon the agreement made by the latter corporation that it would assume and pay off that amount of the indebtedness of the Flynn Mining Company. The Spear Realty Company was incorporated on October 6, 1904, and took over all the assets of the Spear Mining Company and the property which had been received by the latter corporation from the Flynn Mining Company; and it took said property with the understanding and agreement that "the Spear Realty Company was to settle the indebtedness of the Flynn Mining Company to the extent of $1,100."

John A. Bunch, the treasurer of the Flynn Mining Company, testified that the said corporations had not paid said $1,100 in liquidation of the indebtedness of the Flynn Mining Company, and had not accounted therefor.

The chancery court rendered a decree in favor of the plain-

tiffs for their said debts and against the three corporations; and from that decree said defendants prosecute this appeal.

1.   It is urged by the defendants that the chancery court erred in refusing to continue the case.   It has been uniformly held by this court that a motion for a continuance is addressed to the sound discretion of the trial court; and that this court will not attempt to control that discretion unless it has been manifestly abused.

In the case of *Watts* v. *Cohn*, 40 Ark. 114, it is said: "Questions as to the trial or continuance of causes rest so much in the sound discretion of the trial court that it must be a very capricious exercise of power or a very flagrant case of injustice that the appellate court will interpose to correct."

In the case of *Puckett* v. *State*, 71 Ark. 62, this court said: "Continuances are largely in the discretion of the court, and that discretion will not be controlled unless there is a manifest abuse of it."   And in that case the court held that the continuance was correctly refused because proper diligence had not been shown to obtain the testimony desired.   *Magruder* v. *Snapp*, 9 Ark. 108; *Hunter* v. *Gaines*, 19 Ark. 92; *Stillwell* v. *Badgett*, 22 Ark. 164; *Wilde* v. *Hart*, 24 Ark. 599.

In the case at bar the plaintiffs completed taking their testimony on May 22, 1908.   The only witnesses whom they introduced, by whom they proved the connection and agreements between the three corporations and what became of the properties of the Flynn Mining Company and the insolvency and retirement from business operation of that corporation, were the active members and officials of these corporations, who resided at the place of business of the corporations.   The defendants in their motion for continuance stated that they desired to take testimony relative to these same matters and of a contradictory nature of certain persons who were members of the corporations, and who resided at Little Rock, Arkansas, a great distance from the place of business of these corporations.   After the plaintiffs had finished taking their depositions, the defendants gave notice to plaintiffs that they would take the depositions of these persons at Little Rock on June 6, 1908.   The attorney of plaintiffs went to Little Rock on that day to take these depositions, but the defendants did not take the depositions, and no reason is assigned

why same were not taken. They had from that date further until September 21, 1908, the time of the meeting of the court, in which to take their testimony and prepare for trial, and they do not show any good reason why this was not done. They waited until September 5, 1908, before making any effort to take the depositions, and they did not then act with due diligence. The defendants have not shown reasonable diligence in taking the depositions of their witnesses. Furthermore, the testimony of members and officials of these corporations was taken in the case. Under the circumstances, therefore, of the case, we do not think that there was any manifest abuse of discretion on the part of the chancery court in refusing the continuance.

2. It is urged by defendants that there was a defect in the parties plaintiffs; that this suit was instituted by parties whose claims are separate and distinct, and on this account that there is a misjoinder of parties plaintiffs. The defendants did not in the court below raise the question of defect of parties, either by demurrer or answer; and it cannot therefore be raised for the first time in this court. *Eagle* v. *Beard,* 33 Ark. 497; *Chrisman* v. *Jones,* 34 Ark. 73; *Less* v. *English,* 75 Ark. 288.

Furthermore, this was a bill by several creditors of an insolvent corporation whose properties had been turned over to other corporations upon an agreement, and in effect in trust, that these latter corporations would pay to the creditors of said insolvent corporation a certain amount of its indebtedness. The total indebtedness of the insolvent corporation was greater than the amount assumed by the latter corporations, and therefore all the creditors, had they joined in this suit, could only have been paid proportionate amounts of their debts out of this fund. One of the objects of the bill was to discover the assets of the debtor corporation and to obtain an accounting from the corporations who had assumed to pay to the extent of said assets the liabilities of the debtor corporation. It was in the nature of a creditors' bill, seeking to obtain a relief that could not effectively be had at law. All the creditors of said debtor corporation had a community of interest in the subject of this action and in the relief demanded, and they could be joined, under such circumstances, as plaintiffs. 30 Cyc. 115.

In such a suit all creditors may unite, or any number of

creditors may bring the action on behalf of themselves and all such creditors who may join in the suit. 5 Enc. Plead. & Prac. 391; 4 Pomeroy's Equity Jurisprudence, § 1415; 12 Cyc. 36; *Jackson* v. *McNab*, 39 Ark. 111; *Senter* v. *Williams*, 61 Ark. 189.

3. It is contended that the three corporations were distinct and separate entities, and were not liable therefore for the indebtedness of each other. The mere transfer of the assets of one corporation to another does not constitute a legal identity between them; and if one corporation becomes the *bona fide* owner in a lawful mode of the assets or of any property of another corporation, it does not thereby become liable for the debts of the latter corporation. *Memphis Water Co.* v. *Magens & Co.*, 15 Lea 37; *Tawas, etc., Rd. Co.* v. *Circuit Judge*, 44 Mich. 479; *Bruffet* v. *Great Western Rd. Co.*, 25 Ill. 353; 10 Cyc. 287; *Worthen* v. *Griffith*, 59 Ark. 562.

But in the case at bar the property of the debtor corporation was conveyed successively to the two latter corporations, and in consideration thereof these two latter corporations agreed to discharge a certain amount of the liabilities of the debtor corporation. The weight of modern authority holds that one may maintain an action on a promise made to another for his benefit, if such promise is founded upon consideration. 3 Page on Contracts, § 1307; *Hendrick* v. *Lindsay*, 93 U. S. 143.

And especially is this true where the one who makes the promise receives property and in consideration thereof agrees to discharge a debt in favor of another. 3 Page on Contracts, § 1314. And so one corporation may become liable for the debts of another corporation where it has in express terms or by reasonable implication assumed the payment of the liabilities of the debtor corporation. 10 Cyc. 287.

In the case at bar there is sufficient evidence to sustain the finding that the Spear Mining Company and the Spear Realty Company successively obtained all the property of the Flynn Mining Company, and at the time knew that it was largely indebted to various creditors, and in consideration of said property they agreed to pay the indebtedness of the Flynn Mining Company to the extent of $1,100; and there is sufficient testimony to support the finding that these two corporations have not done this. All the property of the Flynn Mining Company was trans-

ferred to the two corporations successively in effect in trust for
the payment of $1,100 of the indebtedness of the former corpora-
tion; and to that extent the two latter corporations are indebted
to the creditors of the former corporation. The total amount of
the debts of the creditors in this suit who are seeking to obtain
the satisfaction of their claims is less than the amount which
these two corporations assumed to pay. The plaintiffs are there-
fore entitled to recover from all three corporations the amounts
of their debts.

The decree is affirmed.