# Byrne & Read v. Board of Education of City of Covington.

(Decided November 4, 1910.)

## Appeal from Kenton Circuit Court
### (C. C. L. & E. Division).

1. Commonwealth—Right to Make Contracts—Liability on Implied Assumpsit.—It is never allowed that the state, or any of its constituent arms of government, though expressly permitted to

make contracts and be sued upon them, may become liable on implied assumpsit.

2.   Public Corporate Bodies—Jurisdiction—Action of Minority of Board—Effect.—Public corporate bodies must not only act in a matter within their jurisdiction, but in the manner expressly authorized by law, or they cannot bind the public as for debt. Neither a minority of the board of education, acting together, or whatever number acting independently and personally could do so.   Nor in such instance does the question of benefit or advantage derived by the public affect the question of the public's liability.

RICHARD G. WILLIAMS for appellants.

ROBERT C. SIMMONS for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

There being a dead-lock in the board of education of the city of Covington, owing to which the board refused to constitute itself into a quorum for business, six of the twelve members brought a suit for mandamus against the other six, seeking to compel them to meet with the complainants so as to proceed with the official business before the board.   Appellants, who are attorneys at law, were employed by the first-named six to bring the action. The result of that suit was the issuance of the writ as prayed for.   The board then organized and went ahead with its work.   This suit was brought in the Kenton quarterly court by these appellants against the board of education, upon a demand for $200, counsel fees in the first-named suit.   The summons was served upon the president of the board, who was one of the six plaintiffs in the first-named action.   He failed to bring the matter to the board's attention, and there being no defense interposed, judgment went against the board by default. Learning of the matter later the board appointed two of its members a committee to investigate the claim "and to employ an attorney if necessary, and report back to the board."   The committee employed counsel, who upon investigation learned the foregoing facts, and advised that the board of education was not liable on the claim. But before there would be another regular meeting of the board the time would elapse within which it could prosecute an appeal from the judgment rendered in the quarterly court.   The committee directed an immediate appeal, which was taken.   In the circuit court the plain-

tiff moved that the appeal be dismissed because it was being prosecuted without authority of the board, it being argued that the power of the committee was limited to an investigation and the employment of counsel. The circuit court overruled the motion. We think properly so. In construing the power conferred by the board upon the committee, not only the language used in the order, but the purpose of the appointment will be looked into. The intent of the board is to be sought, that the scope of the order appointing the power may be measured. That the committee was to investigate the legality of the claim as to whether it constituted a liability against the board was clearly contemplated; that the services of an attorney were to be engaged, if found necessary, in the the judgment of the board's agents, the committee, is equally clear. The purpose was, obviously, to defend the claim if advised by the counsel that it could be defended. But it would be of no avail to have the committee report, or counsel retained and his advice given, if no other action were taken in such season as to be effective against the demand being asserted. The board intended by the order to have such steps taken as were necessary to protect the corporate body against the asserted liability. The only course open was to prosecute an appeal immediately. After the appeal was taken the board met and approved the action. It was competent for the board to ratify its agent's acts, and to give them the same effect as if directed in the most ample form in advance.

The board of education is a body corporate. It is an agency of government. Its capacity to contract is circumscribed. It can contract only in behalf of the common school interests of the city in any event. It was not competent for it to have contracted to pay the counsel fees incurred by its individual members in a matter wholly among themselves. If the case had been a contest between two of the litigants as to which was entitled to the office of member of the board, it would in a sense have involved a matter affecting the schools of the city. So does the action in question. But it affects the school interests only as an incident. The action was personal as to its parties. Any citizen and patron of the school might as well have maintained it. But the test of the liability of the board of education on the contract is not whether the public body was benefitted by it. It is never allowed that the State, or any of its constituent arms of government, though expressly permitted to make

contracts and be sued upon them, may become liable on implied assumpsit. Public corporate bodies must not only·act in a matter within their jurisdiction, but in the manner expressly authorized by law, or they can not bind the public as for debt. So the board of education alone could contract a debt against itself as a public corporation. Neither a minority of the board acting together, or whatsoever number acting independently and personally, could do so. Nor, in such instances, does the question of benefit·or advantage derived by the public affect the .question of the public's liability. It must be remembered that the public in its quality of sovereign is never liable at all as for debt, unless it expressly permits. And when it permits such liability it must contract not only for the matter, but only in the manner expressly authorized.

Judgment affirmed.