DENT *v.* PEOPLE'S BANK OF IMBODEN.

Opinion delivered July 3, 1911.

1. CONTINUANCE—DISCRETION OF TRIAL COURT.—Questions as to continuances rest so much in the discretion of the trial court that it must be a very capricious exercise of power or a very flagrant case of injustice that the appellate court will interpose to correct.  (Page 582.)

2. SAME—ABSENT WITNESS.—In order to obtain a continuance to procure the testimony of an absent witness, it must be shown that proper diligence was used in order to secure same.  (Page 583.)

3. SAME—SHOWING OF DILIGENCE.—An application for a continuance on account of absent witnesses was properly refused where no showing was made of any diligence nor any reason given why the deposition of the witness had not been taken during the two years in which the action had been pending.  (Page 583.)

4. APPEAL AND ERROR—INSUFFICIENCY OF ABSTRACT.—Where the evidence in a case has not been abstracted, the Supreme Court can not say that testimony desired to be secured by means of a continuance would have been sufficient to alter the decree.  (Page 583.)

Appeal from Lawrence Chancery Court, Western District; *George T. Humphries,* Chancellor; affirmed.

*George G. Dent,* for appellants.

*Poindexter & Irby,* for appellee.

The court properly overruled the motion for continuance because there was absolutely no showing of diligence, and appellants had ample time after the institution of the suit and before

it was called for trial to procure the deposition of the witness. 71 Ark. 62; 40 Ark. 114; 24 Ark. 699.

FRAUENTHAL, J.   This was an action instituted in the chancery court by the appellee to foreclose a real estate mortgage executed to it by Sarah Dent and Susan D. Dent on December 2, 1904, to secure a note for $400.   The appellants are heirs at law of said mortgagors, both of whom died after the execution of said mortgage.   The suit was instituted on February 19, 1908, and the appellants were served with process soon thereafter, and filed an answer therein on September 28, 1909.   It is admitted by the appellants that the debt evidenced by the said note is just, and was long past due when the suit was instituted, and that the mortgage is perfectly valid.   It was claimed in the answer that the land was not the property of the mortgagors, who were relatives of appellants, but that it was originally owned by appellants' father, who had conveyed it to one who subsequently conveyed it to one of the mortgagors, and that, while such conveyance was absolute upon its face, it was really intended and executed for the benefit of appellants.

The case was continued by the court for several terms, and the testimony of a number of witnesses was taken.   Finally, the case was called for trial on April 29, 1910, and on that day the appellants filed a motion for a continuance, which was overruled. The chancellor then proceeded with the trial and rendered a decree in favor of the appellee for the recovery of said debt and the foreclosure of said mortgage.   The only ground that is urged upon this appeal why the decree should be reversed is that the court erred in refusing to continue the trial of the case.

It has been repeatedly held by this court that a motion for continuance is addressed to the sound discretion of the trial court; and this court will not attempt to control that discretion unless it is shown that it had been manifestly abused.   In the case of *Watts* v. *Cohn,* 40 Ark. 114, it is said:   "Questions as to the trial or continuance of causes rest so much in the sound discretion of the trial court that it must be a very capricious exercise of power or a very flagrant case of injustice that the appellate court will interpose to correct."   In the case of *Puckett* v. *State,* 71 Ark. 62, this rule is again announced as follows:   "Continuances are largely in the discretion of the court, and that discretion will not

be controlled unless there is a manifest abuse of it." This rule has been uniformly adhered to and followed by this court. *Dunn v. State,* 2 Ark. 229; *Jackson* v. *State,* 54 Ark. 243; *Price* v. *State,* 57 Ark. 165; *Spear Mining Co.* v. *Shinn,* 93 Ark. 350; *Miller* v. *State,* 94 Ark. 538.

In order to obtain a continuance upon the ground that it is for the purpose of procuring the testimony of an absent witness, it is necessary to show that proper diligence was used in order to secure such testimony. When such diligence is not shown, it is not error to refuse the continuance. *Magruder* v. *Snapp,* 9 Ark. 108; *Hunter* v. *Gaines,* 19 Ark. 92; *Stillwell* v. *Badgett,* 22 Ark. 164; *Wilde* v. *Hart,* 24 Ark. 599; *Spear Mining Co.* v. *Shinn, supra.*

In the case at bar the appellees asked that the trial of the case be continued in order to obtain the testimony of a witness relative to their contention as to the title to the land covered by the mortgage. It is not stated in the motion what acts were employed by them to obtain the testimony, nor is it shown why this testimony was not secured long before the filing of this motion. The suit was instituted in February, 1908, and appellants were apprised of it in a short time thereafter by the service of process upon them. They filed answer in September, 1909, and it appears from a recital in the order overruling the motion for continuance that "this cause had been continued at the last term of this court for the same reason set up in said motion." The appellants could have filed answer immediately after summons served on them, and could have proceeded then to secure this testimony. They had, therefore, from February, 1908, until April 29, 1910, in which to take the deposition of this witness, and no reason is shown why this was not done. It appears that the testimony of a number of witnesses was heard upon the trial of the case, and none of this evidence has been abstracted by appellants. It will therefore be presumed that the decree of the court was fully sustained by this evidence. It is not claimed, however, that the decree of the chancellor is not fully sustained by the evidence. Inasmuch as none of this evidence has been abstracted, we can not say that the desired testimony would be sufficient to alter the decree, even if continuance had been granted and the testimony taken.

Under these circumstances, we cannot say that the court abused its discretion in refusing to continue the trial of the case. The decree is accordingly affirmed.