HARNWELL *v.* MILLER.

Opinion delivered March 17, 1924.

DISMISSAL AND NONSUIT—TRIAL DAY.—Where plaintiff filed a complaint in equity on October 23, 1922, and defendants filed answers on November 20, 1922, on which day the cause was heard in plaintiff's absence, and the cause was dismissed, such dismissal was erroneous, under Crawford & Moses' Digest, § 1288, providing that trial shall be had after the pleadings have been completed for 90 days.

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; reversed.

*C. P. Harnwell,* for appellant.

*Gray & Morris* and *Chas. A. Walls,* for appellees.

HUMPHREYS, J. This suit was instituted by appellant against appellees on the 23rd day of October, 1922, in the chancery court of Lonoke County, to set aside a sale of a 320-acre rice farm, made pursuant to a decree of foreclosure in a suit wherein the New England Securities Company was petitioner and appellant and others were respondents.

The sufficiency of the allegations of the bill was not questioned, so it is unnecessary to set out the substance thereof. Suffice it to say that the appellee filed separate answers denying *seriatim* the allegations thereof. The several answers were filed on November 20, 1922, the first day of the regular November term of court after the institution of the suit. On the day the answers were filed, and in the absence of appellant, the cause was heard upon the pleadings and testimony introduced by appellees, which resulted in the dismissal of the bill, from which is this appeal.

Appellant contends for a reversal of the decree on the ground that appellees were not entitled thereto under § 1288 of Crawford & Moses' Digest. The section referred to is as follows: "Actions prosecuted by equitable proceedings shall stand for trial on any day that the court meets in regular or adjourned session where the pleadings are, or, by the provisions of §§ 1208 and 1209, shall have been completed for ninety days, but where they have not been so completed, though by the provisions of this act they should have been, the party in default, as to time, shall not be entitled to demand a trial."

In the instant case the pleadings were not completed until November 20, 1922, on the day the case was tried. Under the statute the case did not stand for trial until ninety days after the issues were joined. The purpose in allowing this time was to enable the parties to prepare for trial. The trial and decree were premature, and without authority of law.

The decree is therefore reversed, and the cause is remanded for proceedings not inconsistent with this opinion.