PHILLIPS v. BAKER.

Opinion delivered January 31, 1927.

SCHOOLS AND SCHOOL DISTRICTS—AUTHORITY TO ISSUE BONDS.—Acts 1925, p. 742, authorizing the board of directors of special school districts to borrow money and issue bonds "for the purpose of purchasing a school site or sites and building, erecting, constructing, repairing and equipping a school building or buildings and for other necessary purposes," *held* to authorize directors of a special school district to issue bonds for the purpose of making extraordinary repairs arising from some emergency such as damage by fire or storm, but not for the purpose of making ordinary repairs which merely constitute maintenance; the words "for other necessary purposes" relating to things embraced in the preceding enumeration under the doctrine of *ejusdem generis.*

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Avery M. Blount, Golden Blount* and *Grace M. Blount,* for appellant.

*John E. Miller* and *Cul L. Pearce,* for appellee.

McCULLOCH, C. J. Appellees are directors of the special school district designated as Higginson Special School District of White County, Arkansas, which was created by act No. 88 of the legislative session of the year 1907. Appellants are owners of property in the district and patrons of the school, one of them being a director. Appellees, as directors of the district, are about to issue and sell negotiable bonds in the sum of $20,000, and this is an action instituted by appellants to restrain the issuance of the bonds. A temporary injunction was issued at the commencement of this action, but, on final hearing, the complaint of appellants was dismissed for want of equity.

It appears from the pleadings and from the proof in the case, which was brought into the record partly by stipulation, that there are outstanding bonds of the district in the sum of $15,000, issued in the year 1917 for the purpose of erecting a school building, and there is also the sum of $900 unpaid interest on those bonds. It is conceded that the new issue of bonds is to be for the purpose of refunding the former issue, and it is alleged in the complaint of appellants that the remainder of the sum to be raised by the new bond issue is to be used as a maintenance fund for the operation of the schools in the district. There is a denial in the answer that any of the fund is to be used for the purpose of operating schools, and an allegation that the excess fund is to be used for the purpose of repairing the buildings. There are no specifications in detail as to what the repairs consist of or to what extent the buildings are out of repair.

There was an attack on the regularity of the proceedings looking to the issuance of the bonds, it being alleged that the resolution of the board of directors authorizing the bonds was not adopted at a regular meeting of the board, or at any special meeting of which the directors were notified. These questions were tried out on conflicting testimony, and it is unnecessary to discuss them—in fact, this attack seems to be abandoned here, and it is practically conceded that the only point sought to be raised here is that the bond issue is for an excessive amount and cannot be allowed over and above the amount necessary to retire the old bonds and interest.

We are of the opinion that this attack of appellants is well founded, and that there is no authority under the law to effect a bond issue in a greater amount than that stated above. The statute, which both parties concede is the governing one, is act 252 of the Acts of 1925, page 742, and reads in part as follows:

"The board of directors of any special, rural special or consolidated school district in the State of Arkansas shall have the power, and they are hereby authorized, to

borrow money for the purpose of purchasing a school site or sites and building, erecting, constructing, repairing and equipping a school building, and for other necessary purposes, including the issuance and sale of bonds for the purpose of extending the maturity of any indebtedness evidenced by outstanding bonds and interest coupons, and funding such outstanding bonds and interest coupons   *   *   *.''

Counsel for appellees endeavor to sustain the bond issue under the authority conferred in the statute, for ''repairing'' school buildings, but our conclusion is that, under proper interpretation of this word, as used in the statute, and under the facts of this case, there is no justification for issuing bonds for that purpose. We interpret the word ''repairing'' not to include ordinary repairs, which merely constitute maintenance, but it refers to substantial and extraordinary repairs arising from some emergency, such as damage by fire or storm. It does not include necessary repairs on account of ordinary depreciation. Counsel for appellees also rely on the use, in the statute, of the words ''and for other necessary purposes,'' and they contend that these words should not be construed to relate to things of a like kind as those enumerated in the preceding words of the statute, for the reason that the preceding enumerated words embrace all the things capable of being classed as of that kind, and that the words ''other necessary purposes'' should be construed to relate to things of a different kind than those enumerated. *Mason* v. *Inter-City Terminal Railway Co.*, 158 Ark. 542, 251 S. W. 10.

We cannot say, however, as a matter of law, that the enumeration embraces all the things of their kinds, therefore the doctrine of *ejusdem generis* applies. We construe the words ''for other necessary purposes'' to relate solely to things of like kind as those embraced in the preceding enumeration.

The decree of the chancery court is therefore reversed, with directions to enter a decree restraining

appellees from issuing bonds in excess of the amount necessary to refund the old bonds and unpaid interest, which will include, of course, necessary expense of issuance of the bonds. It is so ordered.