## PHILLIPS *v.* BAKER.

Opinion delivered June 13, 1927.

1. EQUITY—TIME FOR TRIAL.—In a suit in equity plaintiffs are entitled, under Crawford & Moses' Dig., § 1288, to 90 days, after issues are made up, in which to get ready for trial, and refusal to grant such time is error.

2. EQUITY—EQUITABLE PROCEEDINGS.—Issues joined in the chancery court to obtain a permanent injunction are equitable proceedings, within Crawford & Moses' Dig., § 1288, allowing 90 days to prepare for trial after pleadings are made up.

Appeal from White Chancery Court; *Frank H. Dodge,* Chancellor; reversed.

*Avery M. Blount, Golden Blount* and *Grace D. Blount,* for appellant.

*Culbert L. Pearce* and *John E. Miller,* for appellee.

HUMPHREYS, J. This is a suit in equity brought on the 4th day of April, 1927, in the chancery court of White County, by appellants against appellees to permanently enjoin the Higginson Special School District in said county from selling and delivering bonds in the sum of $20,000 for the purpose of refunding its existing bond issue and redeeming outstanding and past due warrants upon the following alleged grounds:

"(1). There was no legal meeting held by the board of directors authorizing the bond sale. (2). That there was no legal notice given that such a meeting was to be held. (3). That the proper records of the alleged meeting at which it was claimed that the resolution was passed directing the sale of the bonds was not made. (4). That the alleged order authorizing the sale of the bonds was not made by a majority of the legal qualified and acting members of the board of directors. (5). That the Higginson Special School District had no legal authority to offer for sale the bonds or certificates of indebtedness. (6). That the issuance of the bonds was forbidden by this court. (7). That the bonds were not advertised for sale as required by law, but that the members of the school board acted in collusion with R. G. Helbron, and sold said bonds at a private sale, and that the meeting by which it was claimed the bonds were sold was conducted

in a manner to discourage and prevent other parties from purchasing said bonds."

Appellees filed an answer, denying *seriatim* the material allegations in the complaint.

On application to the circuit judge in vacation, immediately after filing the suit and during the absence of the chancellor from White County, the following restraining order was issued:

"It is therefore ordered, adjudged and decreed that the defendants, acting as members of the Higginson Special School District, and each of them are hereby restrained and enjoined from advertising and offering for sale or selling, either by private sale or public sale, any certificates of indebtedness or bonds of the Higginson Special School District, on April 7, 1927, or any other date, until this cause is heard by the White Chancery Court. And the defendants, R. L. Smith, as county clerk of White County, W. C. Ward, as county treasurer of White County, and Ben D. Smith, as circuit clerk and ex-officio recorder of White County, are restrained, enjoined and forbidden to receive, register or record any bonds or certificates of indebtedness or any deeds of trust or mortgages executed by the board of directors of the Higginson Special School District, by reason of any sale made on April 7, 1927, or any other date, until this cause can be heard by the White Chancery Court."

On the next day, and during vacation, the chancellor set aside the temporary restraining order of the circuit judge, in so far as it restrained the sale of the bonds, and set the case down for final hearing on May 4, 1927, which was an adjourned day of the chancery court, all over the objection and exception of appellant.

When court convened on May 4 such of the appellees as had not filed answers theretofore filed their respective answers. Appellees then insisted upon an immediate hearing of the cause. Appellants objected, and protested against proceeding with the hearing of the cause until the next regular term of the chancery court, on June 13, 1927, or before the issues had been made up

ninety days. They filed a written motion for a continuance, which was overruled by the court, over their objection and exception. The court then offered to set the case down for a hearing before the chancellor in chambers at Little Rock between May 9 and 14, 1927, but appellants insisted upon their right not to proceed with the trial until ninety days after the issues had been made up, and declined to finally submit the cause in vacation as suggested by the court. The court then ordered appellants to proceed with the trial, which they declined to do, whereupon the temporary restraining orders were dissolved and their complaint dismissed, over their objection and exception, from which judgment an appeal has been duly prosecuted to this court.

This suit is bottomed upon act No. 62 of the General Assembly of 1927, passed for the purpose of obviating the rule announced by this court in the case of *Phillips* v. *Baker,* 172 Ark. 726, 290 S. W. 371, decided and handed down on January 31, 1927, to the effect that said district could issue bonds only to refund outstanding bonds, interest and expenses incident thereto, and not to pay for repairs and operating expenses of the school. The allegations in the complaint challenge a compliance with said act No. 62 in selling and attempting to deliver the bonds, and also allege that the members of the school board acted collusively and sold bonds at private sale, and seek to permanently enjoin the delivery thereof to the purchaser.

After the issues were made up, appellants were entitled, under § 1288 of Crawford & Moses' Digest, to ninety days in which to get ready for trial. *Harnwell* v. *Miller,* 164 Ark. 15, 259 S. W. 387. Issues joined in a chancery court in an effort to obtain a permanent injunction are equitable proceedings, and come within said section of the statute allowing ninety days to prepare for trial after the pleadings are made up.

On account of the error indicated the judgment is reversed, and the cause is remanded for a trial of the issues joined by the pleadings.