BLOUNT *v.* BAKER.

Opinion delivered October 8, 1928.

*Brundidge & Neelly,* for appellant.

*John E. Miller* and *Cul L. Pearce,* for appellee.

KIRBY, J. This suit was brought by five citizens and taxpayers of Higginson Special School District, three of whom were formerly directors thereof, to have canceled as illegal a certain $500 warrant of the district issued to appellants, as attorneys' fees for services, and a $62.50 warrant, payable to the chancery court clerk, Ben D. Smith, of White County.

The court below sustained appellee's demurrer to the complaint and amended complaint of appellants, and,

appellants declining to plead further, dismissed it for want of equity.

From the allegations of the pleading it appears that there were five directors of the Higginson Special School District; that the board, by a majority vote, attempted in 1926 to issue and sell $20,000 of bonds of the district for refunding its debts, and other purposes. The two minority directors, with other citizens and taxpayers, brought suit to enjoin the issuance of the warrants, and employed appellants as attorneys. The suit resulted in the district being enjoined from issuing bonds in excess of the amount necessary to refund the old indebtedness, $15,900, etc. *Phillips* v. *Baker*, 172 Ark. 727, 295 S. W. 384. Upon remand of the cause and a final decree entered, the directors of the district proceeded to issue and sell bonds for the refunding of the existing bonded indebtedness, and another suit was brought by appellants, as attorneys representing the same taxpayers, to enjoin the district from selling and delivering the bonds. This suit was evidently brought for delaying the delivery of the bonds until the May, 1927, school election, and the trial court, on May 4, 1927, overruled a motion for a continuance which had been filed by these appellants, Blount & Blount, representing the plaintiffs in that suit, and upon appeal this court held that the cause would not stand for trial until 90 days after the issues were made up, under § 1288 of C. & M. Digest of the Statutes, and reversed and remanded the cause for trial. *Phillips* v. *Baker*, 174 Ark. 403, 295 S. W. 384. Before this cause could be again heard, the school election occurred, and the personnel of the board was changed, three of the former directors being succeeded by those newly elected, and all the members of the new board, except W. N. Spratt, had been litigants through their attorneys, the appellants, against the school board over the issuance of bonds for the district. The new board of directors in control employed appellants as attorneys, and issued the warrants of the district sought to be canceled herein in payment of their services, and for costs of this litigation.

Appellants in their brief state that they were employed by the new board to assist in its organization, to proceed with the pending suit to enjoin the issuance of the bonds, and any other litigation that might be brought, "and that the district ratified their employment in the original suit, and issued a warrant for $500 in payment of services rendered and to be rendered, which was alleged to be a reasonable fee."

Appellants insist that the court erred in holding that the new school board could not ratify the acts of the two minority directors, Phillips and Shouse, with the other patrons and taxpayers, in their employment of attorneys to protect the interest of the district in the litigation against the majority action of the board and to represent the district in the suit pending in the chancery court, but this contention is without merit.

School districts are authorized to employ attorneys or ratify the employment of them in their behalf as a necessary incident to their power to contract and to sue and be sued. *State* v. *Aven,* 70 Ark. 291, 67 S. W. 752; see also *Denman* v. *Webster,* 139 Cal. 452, 73 Pac. 139; *Byrne* v. *Board of Education,* 140 Ky. 531, 131 S. W. 260. It is not contended, however, that the old board even attempted to employ appellants as attorneys to prevent their issuance of the bonds of the district for refunding its indebtedness in the first suit, but that, since the new board had contracted with them for services rendered and to be rendered, it thereby of necessity "ratified the **employment of** appellants in the first instance, as the services inured to the benefit of the district."

It is no longer questioned that invalid contracts made by a school district may be ratified by the board of directors by their full knowledge of and acquiescence therein, but no contract void for want of power to make it in the beginning can be ratified. *Dell Special School Dist.* v. *Johnson,* 129 Ark. 211, 195 S. W. 373.

The old board of directors certainly would not have had the power and there could have been no necessity for its employment of attorneys to resist and enjoin the

action of the majority of the board duly taken in proceeding to refund the indebtedness of the district, under the law authorizing it to be done, the board having plenary power to rescind its action and desist from any such proceeding. Consequently the transaction or contract of employment of the attorneys by the minority members and other taxpayers, to resist the action of the board, was beyond the power of the school board to make, and, being so, could not be ratified by the new board of directors.

The question of benefit or advantage derived by or resulting to the district because of the services rendered by these attorneys could not affect the district's liability, since the board of directors alone could contract a debt against the district or ratify an invalid contract within its power to make. The new board was under no necessity to prosecute further the pending suit for enjoining the district from the issuance of bonds, since it had ample authority to revoke the action of the old board authorizing it done, to refuse to do it in furtherance of the public interest if it regarded such action necessary.

We do not regard it necessary to pass upon the question of the intervener's rights, since no judgment was rendered on the intervention, and consequently its rights are not affected by this appeal.

We find no error in the record, and the decree is affirmed.