## Board of Education of City of Somerset v. Kentucky Utilities Company.

(Decided November 12, 1929.)

WESLEY & SON and DENTON & PERKINS for appellant.

W. BOYD MORROW, ROBT. G. GORDON and GORDON & LAURENT for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Affirming.

The franchise owned by appellee, Kentucky Utilities Company, for the operation of the water works system in Somerset, expired September 11, 1925. The appellant, board of education of the city of Somerset, filed this suit against the company to recover $1,327.53 paid under protest for water service. The petition alleged that the company's franchise provided that the schoolhouses and other public buildings of the city should be supplied with water service without charge; and that, pursuant to mutual consent and agreement between the president of the company and the city, the company had continued to operate its water works system under the terms of the expired franchise, charging the same rates both to private individuals and to the city for its fire plugs. It is further charged that free water service to the school buildings of the plaintiff was a part of the consideration of that contract and for which the right was given the company to use the streets of the city and to make the charges for water furnished private citizens.

All parties in interest, it was said specifically, had continued to act under the franchise and that agreement until January 1, 1928, when the company threatened to cut off the water of the public schools unless plaintiffs paid it $1,327.53, claimed to be due for service rendered since the expiration of the franchise, and that the board of education paid said sum in order to prevent closing the school, since it had no other source of water supply. This suit was immediately filed thereafter. A demurrer being sustained to the petition as amended, the plaintiff declined to plead further. Its petition was accordingly dismissed, and this appeal prosecuted.

Conceding without deciding that the allegations were sufficient as to the agreement to carry on the water service after the expiration of the franchise, as appellant contends, it is apparent that such an agreement would

have no binding effect whatsoever, as it would clearly contravene sections 163 and 164 of the Constitution. These provide that such rights can be acquired only through the purchase of a franchise as therein described. So the abortive contract, and the original franchise, as presently shown, are removed from the picture and may not be resorted to for any purpose except to show the origin of the situation.

After the expiration of the franchise the company had only the right to remove its property within a reasonable time. The city might have compelled that removal. This was not done, but the service was continued and accepted. Under the authority of Union Light, Heat & Power Co. v. City of Ft. Thomas, 215 Ky. 384, 285 S. W. 228, so long as the company continued the service it could have been required to render it fairly and without discrimination. It could not have been compelled to supply water service for nothing, but was entitled to reasonable compensation. This right to compensation, so far as the appellant was concerned, however, was limited by the familiar rule that there can be no implied contract on the part of a municipal corporation to pay for services rendered on account of benefits received. Byrne & Read v. Board of Education, 140 Ky. 531, 131 S. W. 260; City of Princeton v. Princeton Electric Light & Power Co., 166 Ky. 730, 179 S. W. 1074; Worrell Mfg. Co. v. City of Ashland, 159 Ky. 656, 167 S. W. 922, 52 L. R. A. (N. S.) 880. There being no legal contract between the school board and the utilities company covering the water service, the company could not have coerced payment of its bills by legal process. Neither could the board, as indicated, have required a continuance of the service without compensation. Hence the company had the right to cut off the water under the circumstances. Under that condition, on demand the board paid the accrued water bills in order to have the service continued. The result was a ratification by official action of the unauthorized, but moral, obligation. Byrne & Reed v. Board of Education, supra; Carter v. Krueger & Son, 175 Ky. 399, 194 S. W. 553.

Similar conditions appeared in the Princeton case, supra. There the franchise was void ab initio. The city sought to recover money paid during a period of five years for lights and power furnished it, alleged to be in excess of their reasonable worth. It was held that the proof failed to show the sums paid were unreasonable,

and, since it appeared that the city received the benefits and had voluntarily paid for them without any fraudulent inducement or by mistake, a recovery was denied.

The judgment is therefore affirmed.

Whole court sitting.