McMORELLA *v.* GREER.

4-8152                                         200 S. W. 2d 974

Opinion delivered April 7, 1947.

*Ezra Garner,* for appellant.

*Wade Kitchens,* for appellee.

MINOR W. MILLWEE, Justice. On February 19, 1944, appellant, Elizabeth McMorella, instituted suit in the Columbia chancery court against appellee, Lizzie Walker Greer, to quiet her title to certain lands and to cancel an oil and gas lease executed by appellee in 1943. Appellant claimed title to the lands by virtue of a sheriff's sale under execution in 1927.

The case remained on the docket until March 13, 1946, when appellee filed a cross complaint alleging her ownership and possession of the 12 acre tract and asking that her title thereto be quieted against appellant. Appellee claimed title to the lands from her father through a division of her father's estate and alleged that she and her predecessors in title had been in adverse possession of the lands and paying taxes thereon for 70 years. After the cross complaint was filed, but on the same day, appellant dismissed her complaint against appellee.

On March 14, 1946, the cause was continued by the chancellor and set for trial the first day of the next term of court which was May 27, 1946. The order setting the case for trial also authorized the taking of testimony by depositions. Appellant made no objection to the court's order, and, by agreement of the parties, depositions of witnesses on behalf of appellee were taken on April 5, 1946. The record reflects that counsel for appellant participated in taking these depositions by cross-examining the witnesses and serving as notary public for the occasion. Appellant filed her answer containing a general denial of the allegations of the cross complaint on May 25, 1946.

When the case was called for trial on May 27, 1946, appellant filed an unverified motion for continuance with a letter attached thereto as follows:

"May 27, 1946.

To Whom it may concern:

Due to the physical condition of Miss. Elizabeth Mc-Morella she will be unable to attend court as of this date or any other time during this week.

Thanking you very much I remain

Yours very truly,

Joe F. Rushton, M. D.

By Ruthie Kelley,
Secretary."

The chancellor overruled the motion for continuance and the cause was submitted to the court upon the depositions of the witnesses, and other oral and documentary evidence, on behalf of appellee, resulting in a decree quieting her title to the lands in controversy. After the chancellor announced his decision, appellant orally moved for a new trial on the grounds that the court erred in (1) refusing to grant her motion for continuance, and (2) forcing a trial when the issues had not been joined for 90 days. These two assignments of error are relied upon for reversal of the decree.

Appellant offered no proof on her unverified motion for continuance other than the so-called doctor's certificate which is a statement purporting to have been signed by a secretary to Dr. Joe F. Rushton that appellant would be unable to attend court May 27, 1946, or any other day during that week. The motion does not allege that appellant's presence was necessary to a defense of the suit on the cross complaint, or that she would be a witness if she were present. There is nothing in the motion or purported statement of the doctor indicating that the nature of appellant's physical ailment was such that she was unable to testify by deposition, which counsel for appel-

lant admitted he had agreed to take. Appellant's answer was a general denial and she offered no testimony in defense of the cause of action. It was not contended in the trial court and is not suggested now that she has any defense to the suit on the cross complaint.

A motion for continuance is ordinarily addressed to the sound discretion of the trial court, and this court will not attempt to control that discretion unless it has been manifestly abused. In the early case of *Watts* v. *Cohn*, 40 Ark. 114, Justice W. W. Smith, speaking for the court, said: "Questions as to the trial or continuance of causes rests so much in the sound discretion of the trial court that it must be a very capricious exercise of power or a flagrant case of injustice that the appellate court will interpose to correct." *Spear Mining Company* v. *Shinn*, 93 Ark. 346, 124 S. W. 1045; *Dent* v. *People's Bank of Imboden*, 99 Ark. 581, 139 S. W. 533; West's Arkansas Digest, vol. 4, Continuances, § 7, and cases there cited. There was no manifest abuse of discretion on the part of the chancellor in refusing to grant a continuance under the circumstances disclosed here.

Appellant's second contention for reversal is that she was entitled to 90 days after the issues were joined on the cross complaint by the filing of her answer on May 25, 1946, to prepare for trial. This contention is based on § 1512 of Pope's Digest, which reads: "Actions prosecuted by equitable proceedings shall stand for trial on any day that the court meets in regular or adjourned session, where the issues have been joined for ninety days, but where they have not been so joined though by the provisions of §§ 1430 and 1432 they should have been, the party in default, as to time, shall not be entitled to demand a trial; provided, however, that in all actions now pending or hereafter brought, upon application of any party, after issues joined, the court or chancellor in vacation may, on notice to opposing counsel or guardians *ad litem*, set the action for trial, or if the court finds that the proof has been completed it may try the action, on any earlier date."

Appellant relies on such cases as *Harnwell* v. *Miller*, 164 Ark. 15, 259 S. W. 387, and *Phillips* v. *Baker*, 174 Ark. 403, 295 S. W. 384, in support of her second contention. These cases were decided under § 1288 of Crawford & Moses' Digest and prior to amendment of that statute by Act 37 of 1929 to include the proviso now contained in § 1512 of Pope's Digest, *supra*. In *Sisk* v. *Becker Roofing Company*, 183 Ark. 101, 34 S. W. 2d 1078, this court held that, under the provisions of § 1512, *supra*, it was not necessary to wait 90 days after the issues are joined to have a trial in a chancery case. It was there said: "The act under consideration was passed for the purpose of eliminating delay, and making it possible for either party to get a trial without waiting 90 days after issue joined. This will be readily seen to be one of the purposes of the act by reading the emergency clause, § 3." This interpretation of the statute was reaffirmed in *Burks* v. *Cantley*, 191 Ark. 347, 86 S. W. 2d 34.

The suit filed by appellant had been pending over two years when appellee filed her cross complaint on March 13, 1946. Appellant knew of the filing of the cross complaint and made no objection when the cause was set down for trial for May 27, 1946. She cooperated in the taking of depositions which had been authorized by the court in setting the date of trial. Appellant thus treated the issues as having been joined even though the filing of formal answer containing a general denial was delayed by her until May 25, 1946. There is no intimation that she was not fully apprised of the nature of appellee's claim of title to the lands in controversy. The objection that the case was prematurely tried was not made in her motion for continuance, but was suggested for the first time in the oral motion for new trial made after the chancellor had announced his decision. Under these circumstances, the trial court correctly held that appellant had waived the question whether the issues had been joined for a sufficient length of time under the statute.

Affirmed.