CARTY v. CARTY.

5-91                                                258 S. W. 2d 43

Opinion delivered May 25, 1953.

Rehearing denied June 15, 1953.

*Melbourne M. Martin* and *Alonzo D. Camp*, for appellant.

*Jack Holt* and *John F. Park,* for appellee.

MINOR W. MILLWEE, Justice. This is the second divorce suit between the parties who were married in 1945. In 1949 each party sought a divorce from the other on the ground of indignities and we affirmed a decree denying a divorce to either because both were equally at fault. *Carty* v. *Carty,* 217 Ark. 610, 232 S. W. 2d 446. The appellant, Mrs. Carty, was awarded $75 monthly for her separate maintenance on the former appeal.

The instant suit for divorce was brought by appellee, Mr. Carty, on September 4, 1952, on the ground of three years separation without cohabitation under the 7th subdivision of Ark. Stats., § 34-1202, it being alleged that the separation was due solely to the misconduct of Mrs. Carty.

Appellant denied the allegations of the complaint in her answer and filed a cross-complaint in which she sought a divorce and one-third of appellee's property on the same ground as that alleged by the appellee. Appellant also pleaded the former decree as *res judicata* of the question as to who was at fault for the separation. At the conclusion of appellee's testimony, the appellant

withdrew her cross-complaint, asked for dismissal of the complaint because of the insufficiency of appellee's evidence, and declined to introduce testimony in her own behalf. She has appealed from a decree granting appellee a divorce and terminating the $75 monthly allowance for separate maintenance granted on the former appeal.

Appellant first contends that the chancellor set the case for trial before the issues were joined contrary to the provisions of Ark. Stats., § 27-1719.[1] After appellant's motion for attorneys' fees and costs had been disposed of, she filed a motion to require appellee to make the complaint more definite and certain on October 17, 1952. Appellee responded to this motion on November 3, 1952, and asked that appellant be required to answer and that the cause be set for immediate trial. On December 1, 1952, appellant filed a motion to require appellee to elect whether he sought relief on the ground of three years separation or on the ground of general indignities. At a hearing on December 3, 1952, the chancellor ordered appellant to file her answer and cross-complaint on that date and that the cause be set for trial on December 5, 1952, which was done.

In *Sisk* v. *Becker Roofing Co.,* 183 Ark. 101, 34 S. W. 2d 1078, we held that the purpose of the last proviso of § 27-1719, *supra,* was to eliminate delay and make it possible for either party to obtain a trial without waiting ninety days after issues joined. See, also, *McMorella* v. *Greer,* 211 Ark. 417, 200 S. W. 2d 974, and *Buckner* v. *Sewell,* 216 Ark. 221, 225 S. W. 2d 525. In the Buckner case we held that the burden was on the complaining party to show prejudicial results in setting the case for trial. Here the appellee had alleged only one ground for

---

[1] This section reads: "Actions prosecuted by equitable proceedings shall stand for trial on any day that the court meets in regular or adjourned session, where the issues have been joined for ninety (90) days, but where they have not been so joined though by the provisions of Sections 1208 and 1209 (§§ 27-1135, 27-1137) they should have been, the party in default, as to time, shall not be entitled to demand a trial; provided, however, that in all actions now pending or hereafter brought, upon application of any party, after issues joined, the court or chancellor in vacation may, on notice to opposing counsel or guardians *ad litem,* set the action for trial, or if the court finds that the proof has been completed it may try the action, on any earlier date."

divorce in his complaint and the chancellor was warranted in concluding that appellant was pursuing dilatory tactics in filing the motion to elect and subsequently an oral motion to disqualify the court from hearing the case. The case was set for trial on the ninety-second day after the filing of the complaint without any showing or contention of prejudice to the rights of the appellant. The parties had previously engaged in a lengthy trial. Insofar as the appellant was concerned the issues were joined on December 3, 1952, and the broad discretion given the court under the statute was not abused by setting the case for trial two days later in the absence of some showing of prejudice.

It is next argued that appellee did not make out a case under the three year statute because he did not prove a certain period of exactly three years when the separation without cohabitation began and ended. Appellee alleged and proved that he actually left the residence of the parties by court order on August 24, 1949, but that since approximately forty days prior thereto they had occupied separate rooms and had lived apart from each other without cohabitation since that date. The suit was filed on September 4, 1952, and more than three consecutive years had elapsed whether the date of separation actually occurred on August 24, 1949, or forty days prior thereto as the trial court found. We are unable to concur in appellant's belief that her argument on this point is not "farfetched and unduly belabored."

It is next argued that there is no corroboration of appellee's testimony showing three years separation without cohabitation. Appellee's son testified that he had visited his father several times weekly since August 24, 1949, and knew that appellee had not lived with the appellant since that date. On cross-examination he stated in detail the different places where appellee had resided since the separation and stated that appellant had not lived with appellee at any of these places during the period of more than three years. He declined to state positively whether the parties had ever had sexual inter-

course at any time during his absence during the three-year period. We have held that the purpose of the rule requiring corroboration is to prevent procuring divorces through collusion and that where it is plain there is no collusion, the corroboration may be comparatively slight. *Scales* v. *Scales,* 167 Ark. 298, 268 S. W. 9. In *Gabler* v. *Gabler,* 209 Ark. 459, 190 S. W. 2d 975, we approved the following statement from 17 Am. Jur. 338: ''It is difficult to lay down a general rule as to what corroboration is required in a divorce case. . . . The general rule is more significantly stated that where a particular fact or circumstance is vital to the complainant's case, some evidence of the same, in addition to the complainant's testimony, will be required. If an essential fact is difficult of proof, corroboration may be sufficient though weak. The corroboration must, of course, relate to material testimony and must be something of probative weight. Evidence which is hearsay or irrelevant is insufficient.''

Appellant relies on the Gabler case, but there the corroborating witness did not know the appellant or the place of residence of appellee in whose behalf he was testifying and would only say that the parties had not been cohabiting as far as he knew. The essential fact of absence of cohabitation, or sexual intercourse, is, of course, one that is difficult to prove. It is certain there is no collusion in the case at bar and we hold that appellee's testimony as to three years separation without cohabitation was sufficiently corroborated.

It is finally contended that the chancellor erred in failing to award appellant either a portion of appellee's property or alimony. Appellant made no request for permanent alimony and withdrew her cross-complaint in which she sought one-third of appellee's property. Section 34-1202 (7), supra, does not affect the jurisdiction of the court to adjust property rights, or award alimony, and provides that for those purposes the court may consider which spouse is the injured party. *Jones* v. *Jones,* 199 Ark. 1000, 137 S. W. 2d 238. Over the appellant's

objection the appellee offered proof tending to show that the separation was due to the fault of the appellant, substantially the same testimony having been given at the former trial. Appellant insists that our holding on the former appeal that the parties were equally at fault for the separation is *res judicata* of this issue. We agree that this is true, but it does not necessarily follow that appellant is *ipso facto* entitled to relief which she did not ask for in the trial court.

We have frequently held that the trial court is given a wide discretion in fixing or refusing permanent alimony and unless there has been an abuse of such discretion, it will not be disturbed by this court. We have also held that a divorced wife on a trial *de novo* here, may be entitled to alimony even though she is at fault in the separation and had not specifically sought such relief in the chancery court. Each case must be decided on the particular facts presented, the court giving proper consideration to the ability of the husband to pay and many other circumstances, including the conduct of each as bearing upon the cause of the separation. *Upchurch* v. *Upchurch*, 196 Ark. 324, 117 S. W. 2d 339; *Lewis* v. *Lewis*, 202 Ark. 740, 151 S. W. 2d 998.

While our holding on the former appeal that both parties were at fault for the separation is conclusive on this issue, we deem it appropriate to point out some of the proof upon which the court found that appellant was partly at fault and other circumstances relating to the question of alimony. Appellant is 25 years younger than appellee who is 72 years of age and who retired from business about 12 years ago. Prior to the marriage appellant consulted a fortune teller who advised the marriage and prophesied that appellee would die within six months. Difficulties arose when appellee refused to place his property in their joint names and the appellant insisted on attending gambling and drinking parties without him. Appellee has a monthly income of approximately $250 from real estate which he acquired long before the marriage, but is ill and unable to work. Appellant is employed, in good health and capable of earning

a good salary. Under all the circumstances we are unable to say that the chancellor abused his discretion in failing to award appellant permanent alimony or a portion of appellee's property.

Affirmed.

McFADDIN, J., did not participate in the final disposition of this case.