HOLT *v.* J. B. HOLT TIRE COMPANY.

Opinion delivered October 1, 1928.

*Virgil D. Willis,* for appellant.

*J. M. Shinn* and *Woods & Greenhaw,* for appellee.

McHANEY, J. Appellee instituted this action against appellant before a justice of the peace to recover the sum of $82 on account, and secured judgment against him. Appellant took an appeal to the circuit court, and gave an appeal bond. At the July term, 1927, of the circuit court, on motion of appellant, the case was continued to the January term, 1928, and set for the 16th day of January. Appellant failed to appear on said day, and, on motion of the appellee, his appeal was dismissed. Thereafter, on the 17th day of February, appellant filed his motion for reinstatement, and the memoranda on the judge's docket shows that on the 18th day of February, "the motion to reinstate coming on to be heard,

and the court being fully advised in the premises, doth overrule the same," to which appellant excepted. The transcript also shows that on the same day, February 18, "This cause coming on for trial, comes the plaintiff by his attorney, and the defendant appeared by attorney only, and filed a motion for a continuance herein on the grounds of sickness in the defendant. The court, after hearing the motion and being fully advised, doth overrule said motion, and the appeal in this cause is by the court, upon motion of the plaintiff, herein dismissed; and it appearing to the court that the defendant has entered into an appeal bond with Charles Austin as surety: It is therefore by the court considered, ordered and adjudged that the plaintiff, J. B. Holt Tire Company, have and recover of and from the defendants, W. H. Holt and his bondsman, Charles Austin, the sum of $82, and all costs in this suit laid out and expended, and to include the costs of the circuit court, for which let execution issue."

There was no motion for a new trial, no bill of exceptions, and there is therefore nothing for this court to review except error manifest on the face of the record. We cannot review the action of the circuit court in overruling the motion for continuance recited in the above judgment, for the reason that the affidavit upon which it is based, if there was one, is not brought into the record by bill of exceptions, and for the further reason that there was no motion for a new trial assigning the refusal of the court in this regard as error. *Watts* v. *Cohn,* 40 Ark. 114, and cases cited.

Neither can we review the action of the court in overruling the motion to reinstate the cause for the same reason. We cannot tell from the record what the court had before it when it heard the motion to reinstate, the order stating that, "the court being fully advised in the premises, doth overrule the same." We cannot say from the face of the record that the court erred in overruling the motion to reinstate, as it might have heard evidence or was otherwise advised in the premises.

Appellant also says that the court had no authority to render judgment against him and his bondsmen after dismissing the appeal. Assuming that this is true, which we do not decide, it is not properly before the court, as the record does not disclose any motion of appellant or his bondsman to set aside such judgment or to strike same from the record, nor any motion for a new trial assigning the refusal of the court to do so as error.

We find no error apparent on the face of the record, and the judgment is accordingly affirmed.