### Wooten v. Fielder.

4-4668

Opinion delivered May 24, 1937.

*Edwin Bevens, J. G. Burke* and *G. D. Walker,* for appellants.

*J. M. Jackson* and *Peter A. Deisch,* for appellees.

Mehaffy, J. The question of a three-mill road tax was submitted to the electors of Phillips county at the general election held on November 3, 1936, and the election commissioners canvassed the vote, and according to.

the count made by them, a majority of the qualified electors voting at said election, did not vote in favor of the tax.

The appellees, qualified electors, citizens and taxpayers, filed with the election commissioners a petition for a recount, said petition showing or alleging reasonable grounds for believing that the return did not give a correct statement of the vote as actually cast.

The election commissioners declined to consider the petition, and appellees thereupon filed in the circuit court of Phillips county, a petition for a writ of mandamus, to compel the election commissioners to recount the vote.

The appellants filed demurrer, alleging first, that the court was without jurisdiction of the subject-matter of the action, and second, that the complaint did not state facts sufficient to constitute a cause of action against the appellants.

The demurrer was overruled by the court, and appellants filed answer denying all the allegations in the complaint.

After hearing the evidence, the court made the following order:

"This cause coming on for hearing this the 8th day of February being an adjourned day of Phillips circuit court, the plaintiffs being represented by J. M. Jackson and the defendants being represented by Edwin Bevens, D. G. Walker and J. G. Burke, and the defendants having been served with notice of the time and place of this hearing for a reasonable length of time in advance hereof, the cause is presented upon the petition of the plaintiffs and the court having examined the evidence and heard oral evidence, consisting of the testimony of A. M. Coates, C. S. Fielder, upon the part of the plaintiffs, and E. R. Crum and Eddins Wooten upon the part of the defendants, and having heard the argument of counsel and being well and truly advised:

"It is ordered, considered and adjudged that A. M. Coates, E. R. Crum and Eddins Wooten, as election commissioners for Phillips county, Arkansas, do proceed at once to recount the votes cast in all the wards and townships in Phillips county, on the question of the

three-mill road tax and canvass said returns, and make declaration of the result thereof and to certify the said results to the county clerk of Phillips county, Arkansas, and said count shall be completed on or before Thursday morning, February 11, 1937, at 10 a. m.

"The defendants asked permission of the court to file their supersedeas in this cause, which is by the court denied, to which ruling of the court the defendants except and ask that their exceptions be noted of record and pray an appeal to the Supreme Court.

"Either commissioner may have a substitute to assist in the recount."

After the trial court had denied the defendants permission to file supersedeas, appellants, on the 9th day of February, 1937, presented to Chief Justice GRIFFIN SMITH and Associate Justice FRANK G. SMITH a petition to stay the judgment until the cause could be heard and determined on appeal. A temporary writ was issued as follows:

"Now on this day this cause is presented to the undersigned judges of the court in vacation upon the duly verified petition of the appellants praying that all proceedings in the execution of the order made by the Phillips circuit court on the eighth day of February, 1937, be stayed, and after due consideration it appears that the petition is reasonable and should be granted, and that the proceedings under said judgment should be stayed until the next succeeding day of this court.

"It is therefore ordered that all proceedings under said judgment of the Phillips circuit court shall be stayed until Monday, February 15, 1937, at which time said petition shall be presented to the court after due notice shall have been given to all parties.

"Dated at Little Rock, Arkansas, this, the 9th day of February, 1937."

The matter came on for a hearing before this court on February 15, 1937, and the court made and entered the following judgment:

"This cause came on to be heard upon the temporary restraining order made in chambers on the 9th day of February, 1937, by the Chief Justice and Associate Jus-

tice F. G. SMITH, holding in abeyance a judgment of the Phillips circuit court, which said temporary order was made returnable on this day, and was argued by counsel, on consideration whereof it is the opinion of the court that the temporary order so made should be dissolved;

"It is therefore considered, ordered and adjudged that the said temporary order issued as aforesaid in chambers, be and it is hereby dissolved, and the judgment of the circuit court of Phillips county be allowed to stand in full force and effect."

That judgment necessarily meant that the court had jurisdiction, that the petition for recount was filed within the time allowed by law, and that the judgment of the lower court requiring a recount must be carried out. That necessarily meant that the election commissioners should recount the ballots on the road tax question, and, therefore, those questions are settled by the judgment of this court above set out.

It is stated, and not denied, that the recount was made and showed a majority of the qualified electors voted for the road tax, and said tax is being collected by the collector.

Whether the recount was properly made, and what the result was, is not before us. These are questions that may or may not arise hereafter, but the only questions involved in this suit are settled by the order made by this court above set out.

We find no error, and the judgment is affirmed.