COWLING v. CITY OF FOREMAN.

5-3463                                    384 S. W. 2d 251

Opinion delivered November 23, 1964.

*Johnson & Johnson,* for appellant.

*Byron Goodson, Rose, Meek, House, Barron, Nash & Williamson* by: *George E. Campbell,* for appellee.

PAUL WARD, Associate Justice. This litigation stems from the proposed construction of a new sewer system (and repairs to the existing water system) for Foreman—a city of the second class with a population of about 1,000 people.

The City Council of Foreman applied for and obtained grants-in-aid from the United States in the total amounts of $108,993.00. It was contemplated that these grants would be supplemented by funds to be raised by issuing sewer revenue bonds pursuant to the terms of Act 132 of 1933. So, on May 18, 1964 the city council passed two ordinances. Ordinance No. 71 provided for the construction of a modern sewer system and for improvements to the existing water system. Ordinance No. 70 fixed rates to be charged for said services.

Upon a petition being filed by certain citizens the city council, on June 15, 1964, ordered a referendum on both ordinances, and fixed June 23, 1964 as the date

of the election. On June 16 the election commissioners issued election notices which were promptly and properly posted by the sheriff, and a notice was published June 18 in The Foreman Sun, a weekly newspaper published in the City of Foreman. Ordinance No. 70 was approved by a vote of 158 to 154, and No. 71 was approved by a vote of 174 to 150.

After the election certain residents, property owners and qualified electors filed two identical suits against the mayor and recorder of Foreman and also the county election commissioners. One suit was filed in the circuit court, but has been dismissed. In this suit, filed in chancery court, it was alleged that "notice .. . was not published for the time in the manner and form required by law"; that if proper notice had been given there would have been a much larger vote cast; and, that consequently many qualified electors had been deprived of their rights to vote. The prayer was that the said election be set aside, and that the certificate of the election commissioners certifying the results be cancelled and set aside. Later the complaint was amended to allege: many people who would have voted against the ordinances did not know of the election date and therefore did not vote; that many electors who owned real estate in Foreman which was being subjected to a tax lien would have voted against the ordinances but had no chance to do so; and, that "numerous irregular ballots" should not have been counted, particularly in boxes 1-2-3.

To the above complaint and amended complaint the city and election commission filed a general denial. The matter was submitted to the chancellor upon the pleadings, exhibits, stipulations and testimony. The trial court refused the relief prayed for, and this appeal follows. Appellants here seek a reversal on three separate grounds which we will now discuss.

*One.* We find no reversible error in the refusal of the trial court to grant a continuance. The suit was filed July 4, 1964 and the decree was rendered on July 31, 1964. Appellants complain that they should have

been given time to take the depositions of eleven of their witnesses who did not appear to testify although a subpoena was issued for each of them. It is well settled that the matter of a continuance in a case of this nature rests in the sound discretion of the trial court. *McMorella* v. *Greer*, 211 Ark. 417, 200 S. W. 2d 974. It is also the well settled rule that the party seeking a continuance must, among other things, show due diligence. In applying the above rules to this case it is deemed sufficient to make only a brief reference to the facts. One witness was in Virginia and it was not shown that she was interested in the result of the litigation; In the case of two absent witnesses no effort was made to send them an absentee ballot; The court found that two witnesses knew of the election and presumably could have voted. As to two witnesses the court counted their votes against the ordinances; Two witnesses lived and worked in Minnesota, and another lived and worked in Odessa, Texas, and the court was not convinced they were qualified to vote in the City of Foreman. Under the above state of the record we are unwilling to say the trial court abused its sound discretion.

*Two.* Likewise, we are unwilling to say, under the facts of this case, that the election was invalidated (as urged by appellants) because appellees failed to comply with Ark. Stat. Ann. § 3-804 (Repl. 1956) which reads:

"Proclamation of place holding election.—It shall be the duty of the sheriff of each county, at least twenty [20] days before each general election, and ten [10] days before the holding of each special election, to give public notice, by proclamation, throughout the county, of the time and several places of holding such elections in this county, and the officers to be elected at such time."

For several reasons we are not convinced (though we here make no holding either way) that the above section of the statute is applicable in this case. The statute mentioned was originally Section 8 of an Act approved January 23, 1875. This act contained 102 sections and

it is designated a "general election law" relating to "all elective state, county and township officers whose term of office is fixed by the constitution at two years." A consideration of the entire act indicates that Section 8 (3-804) was to apply when it became necessary to fill a vacancy occurring in one of the offices above mentioned. It is unreasonable to think Section 8 (passed in 1875) was intended to apply to a city ordinance referred to the people under an amendment passed 45 years later. If any doubt exists as to the applicability of § 3-804 to this case it is erased by Act 218 of 1963 which deals specifically with the referral of a city ordinance, and which states that "the procedure shall be that as required by Amendment 7 to the Constitution of the State of Arkansas." Appellants have not pointed out, nor are we aware of, any language in said amendment (or in any legislative enactment based thereon) which requires any specified number of days notice of an election on the referral of a city ordinance.

However, irrespective of what we have heretofore said, we think the trial court was justified in refusing to cancel and nullify the election, under the facts disclosed by the record. It is not disputed that there was a thorough job of publicizing the election for at least eight days. Posters were circulated and posted, and a notice was carried in the town paper the week before the election was held. The evidence is undisputed that a record number of votes were cast in this particular election. In a town the size of Foreman (1,000 population) it is difficult to believe many (if any) people did not know of the election and of the issues involved. We think the language used in the case of *Hildreth* v. *Taylor*, 117 Ark. 465, 470, 175 S. W. 40, 41 is decisive of the issues here. This Court, in considering the sufficiency of the notice of an election at which an amendment to the constitution was adopted, said:

"The authorities on this subject are not entirely harmonious. This court is, however, committed to the rule, which is in accord with the great weight of authority, that, so far as concerns elections of officers, the

failure to perform any duty such as giving notice does not deprive the electors of the right to choose public officials. In *Wheat* v. *Smith,* 50 Ark. 266, 7 S. W. 161 Chief Justice Cockrill, speaking for the court, said: 'The right to hold the election in such cases comes from the statute, and the notice required to be given thereof is only a reminder to the people of what the law has otherwise provided. An omission to publish the statutory notice of the election does not, in such cases, affect its validity.' "

The Court then went on to explain that the rule applied not only to election of "officers" but to other elections.

Also, it is pointed out that appellants knew the election was called for June 23 and that only eight days notice would or could be given, yet no attempt was made to stop the election or postpone the election date. Since appellants waited until the election was held and the result announced, they are faced here with the rule well established by this Court which is concisely stated in *McKenzie* v. *City of DeWitt,* 196 Ark. 1115, 1118, 121 S. W. 2d 71, 73.

"In fact, it has been held that all the provisions of election laws are mandatory if enforcement be sought prior to the holding of the election, but, after the election, the rule is different, and those provisions will ordinarily be held as directory only in support of the result. Of course, there may be some special provision of the statute in which it may be declared that some act is essential to the validity, or that some omission might make void an election, but the general rule must be that after the election shall have been held, general provisions must yield in order to support the result of the election. It was so held in *Jones* v. *State,* 153 Ind. 440, 55 N. E. 229. That holding has been cited with approval by this court, and, so far as we have been able to discover the doctrine has been uniformly adhered to. *Wallace* v. *Kansas City So. Ry. Co.,* 169 Ark. 905, 279 S. W. 1."

See also the recent case of *Davis* v. *Waller, County Judge,* 238 Ark. 300, 379 S. W. 2d 283.

Based on the record as a whole we are unable to say the weight of the evidence shows the result of the election would have been any different if it had been advertised a few days longer. Therefore we must affirm the trial court on this point. See: *Hildreth* v. *Taylor, supra.*

*Three.* We find no merit in appellants' contention the trial court erred in refusing to allow them to recount the ballots in certain boxes. They totally failed to follow the statutory procedure to secure such relief. See: Ark. Stat. Ann. § 3-1012 (Repl. 1956) and *Wooten* v. *Fielder,* 194 Ark. 72, 105 S. W. 2d 547.

It is therefore our conclusion that the decree of the trial court should be, and it is hereby, affirmed. Appellees, having perfected this appeal under the provisions of Ark. Stat. Ann. § 27-2128 (Repl. 1962), are entitled to their costs including the cost of the record.

Affirmed.