Willard JOHNSON and Judith ROSENKRANTZ
*v.* Robert MUNGER

76-321                                   542 S.W. 2d 753

Opinion delivered November 8, 1976
(In Banc)

*Kenneth L. Schorr,* for appellants.

*Rose, Nash, Williamson, Carroll, Clay & Giroir,* for appellee.

FRANK HOLT, Justice. The only issue on appeal is whether there was sufficient compliance with the notice requirement of § 19.2 of the Little Rock City Code to allow a proposed initiated measure, Lifeline Electric Rates Ordinance, to be placed on the November 2, 1976, ballot. The chancellor held there was a substantial compliance with the publication requirements. However, the court felt constrained to hold the publication was insufficient because, when enforcement of election laws is sought before the election, a strict compliance is mandatory. Consequently, the measure should be removed from the ballot. Appellants contend for reversal that a substantial compliance is sufficient.

It is true that in some election contests we have held all provisions of the election laws are mandatory if enforcement is sought before election in a direct proceeding for that purpose and, generally, after election all should be held directory only in support of the result. *McKenzie* v. *City of Dewitt,* 196

Ark. 1115, 121 S.W. 2d 71 (1938); *Phillips* v. *Rothrock,* 194 Ark. 945, 110 S.W. 2d 26 (1937); *Cowling* v. *City of Foreman,* 238 Ark. 677, 384 S.W. 2d 251 (1964). However, strict compliance of the notice of publication has never been required where to do so would place it in the power of a ministerial officer to prevent the holding of a legal election. *Hildreth* v. *Taylor,* 117 Ark. 465, 175 S.W. 40 (1915); and *Wheat* v. *Smith,* 50 Ark. 266, 7 S.W. 161 (1887).

§ 19.2 *supra,* provides, in pertinent part, that after the city clerk determines the sufficiency of any initiative petition filed with that official "[t]hen the city clerk shall report his final finding to the board of directors, and if it be ascertained that such petition is signed by the requisite number of electors, said directors shall direct the city clerk to publish for one time, not less than thirty (30) days prior to the municipal election, in some newspaper having a general circulation in the municipality the full text of the proposed measure to be submitted to a vote of the people. . . ."

Here, it appears undisputed that appellants filed their initiated petition with the city clerk on September 1, 1976, or 62 days before the November election. Amendment No. 7, Arkansas Constitution (1874), prescribes the time frame for filing the petition as being not more than 90 nor less than 60 days. The provisions of § 19.2, *supra,* are derivative of our Amendment No. 7, our Initiative and Referendum Amendment.

The proposed measure here was published by appellants themselves on October 2, 1976, which was within the required 30 day limitation. However, the publication by the city clerk, as required by § 19.2, *supra,* was October 8, 1976, or 25 days before the election. With respect to Amendment No. 7, we have long accorded a liberal interpretation to that Amendment. In *Coleman* v. *Sherill,* 189 Ark. 843, 75 S.W. 2d 248 (1934), the sufficiency of the ballot title of a local initiated act was questioned before the election. In ordering the proposed measure placed on the ballot, we said " . . . Amendment No. 7 contemplates a liberal construction and, if substantially complied with, the proposition should be submitted to the vote of the electors." In *Reeves* v. *Smith,* 190 Ark. 213, 78 S.W. 2d 72 (1935), an action challenging the sufficiency of

the initiative petitions was instituted before the election. In upholding the sufficiency of the petitions, we said:

> Amendment No. 7 necessarily must be construed with some degree of liberality, in order that its purposes may be well effectuated. Strict construction might defeat the very purposes, in some instances, of the amendment.

In *Leigh v. Hall*, 232 Ark. 558, 339 S.W. 2d 104 (1960), there was an action brought before the election alleging the publication of an initiative proposal was not within the time frame. The petitions were filed on various dates. We found the publication sufficient by selecting a filing date that would validate the measure. We said:

> This court is definitely committed to the proposition that Amendment Seven should be liberally construed to effectuate its purpose.

There we again recognized:

> Strict construction might defeat the very purposes, in some instances, of the amendment. **** 'A realization that behavior and conduct in all affairs of life is never perfect, requires due allowances must be made for human frailties. Therefore only a substantial compliance is required.'

Accordingly, in the case at bar, we apply the rule of liberal construction since this is an initiated measure.

Here, on the record presented, it appears that the initiated petition was filed 62 days before the election date or within the permissible time frame. Thirty days before the election the appellants themselves published "the full text of the proposed measure" for the adoption or rejection by the voters on November 2, 1976. Five days later, or 25 days before the election, the city board of directors published exactly the same proposed ordinance to be voted upon November 2, 1976. We note, however, that it is conceded the city clerk was not at fault nor derelict in her duties in any manner. The substance of the two publications is substantially identical even to the extent that both indicate that the voters would have an

opportunity to approve or reject the measure at the general election. We hold there was substantial compliance with the publication requirement.

The decree is reversed and the cause remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.